UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
ANNE MARIE HAAG, on behalf of themselves   :
and all others similarly situated,         :
                                           :
                    Plaintiff,             :   Case No.:12-cv-6521
                                           :
            v.                             :
                                           :
HYUNDAI MOTOR AMERICA,                     :
                                           :
                    Defendant.             :
-----------------------------------------------------------------x
```

## NOTICE OF REMOVAL OF DEFENDANT HYUNDAI MOTOR AMERICA

TO:   CLERK, UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, Defendant Hyundai Motor America (hereinafter "Hyundai"), by its undersigned counsel, hereby invokes this Court's subject-matter jurisdiction and removes the state court action described below from the Supreme Court of the State of New York, County of Monroe to the United States District Court for the Western District of New York.

1.   This is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005), codified at 28 U.S.C. § 1332(d), and is one which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

1

2.  Plaintiff filed a putative class action Complaint on August 3, 2012 in the action styled *Anne Marie Haag, on behalf of themselves* [sic] *and all others similarly situated v. Hyundai Motor America*, Index No. 12-8720, in the Supreme Court of New York, County of Monroe (the "Action").  The Complaint names Hyundai as the sole defendant, Compl. ¶ 10 (attached hereto as **Exhibit B**), and alleges that model year 2007 through 2012 Hyundai Santa Fe vehicles have "a continuing problem with their brake rotors and caliper assemblies." *Id.* ¶ 20.

## DIVERSITY JURISDICTION UNDER CAFA

3.  Enacted to expand federal diversity jurisdiction over purported class actions, CAFA provides that a class action may be removed in accordance with 28 U.S.C. § 1446 if:  (a) membership in the class is not less than 100; (b) any member of the plaintiff class is a citizen of a foreign country or a state different from any defendant; and (c) the aggregate amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. §§ 1453(b) and 1332(d).

4.  CAFA's first requirement—that class membership be no less than 100 (28 U.S.C. § 1332(d)(5))—is satisfied here.  This putative class action is brought on behalf of "all citizens of New York who purchased or leased a [2007 to 2012 Hyundai Santa Fe] in New York State." Compl. ¶ 28.  This class is alleged to include "hundreds or thousands of members."  *Id.* ¶ 30.

5.  CAFA's second requirement—that any one member of the purported class be a citizen of a state different from any defendant (28 U.S.C. § 1332(d)(2)(A))—is satisfied here. Hyundai is incorporated under the laws of the state of California.  The principal place of business of Hyundai is in California.  *See* Compl. ¶ 10.  Thus, Hyundai is not a citizen of the State of New York, whereas Plaintiff is a citizen of the State of New York.  *Id.* ¶ 8.  The putative plaintiff class is comprised of citizens of the State of New York, and thus minimal diversity exists.

6.      CAFA's third requirement—that the aggregate amount in controversy exceed $5,000,000, exclusive of interest and costs (28 U.S.C. § 1332(d)(2))—is satisfied.  Hyundai disputes that it owes any type of damages, and it disputes each and every asserted remedy or theory of recovery advanced in the Complaint.  Nevertheless, it is evident that Plaintiff places more than $5,000,000 at issue here.

      a.      In CAFA cases, the amount in controversy requirement is satisfied if the removing defendant shows "that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million."  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)).  "Unlike the general diversity statute which requires at least one claim to meet the amount-in-controversy minimum of $75,000, CAFA explicitly provides for aggregation of each class member's claims in determining whether the amount of controversy is at least $5,000,000."  *Id.* at 59 (internal citation omitted).

      b.      The Complaint seeks "a declaration that the remedial work necessary to correct the defective brakes is covered by the Basic Warranty," "compensatory damages," "restitution," and "[t]rebling of damages."  Compl. Prayer for Relief ¶¶ 2-5.  With respect to the declaratory relief claim, "it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Hunt v. Wash. Apple Adver. Comm'n*, 432 U.S. 333, 347 (1976).  "In traditional class action suits in federal court under diversity jurisdiction, the object of the litigation has been viewed as 'the monetary value of the benefit that would flow to the plaintiff if injunctive or declaratory relief were granted' . . . ."  *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F. Supp. 2d 522, 527 (S.D.N.Y. 2008) (quoting *Am. Standard, Inc. v. Oakfabco, Inc.*, 498

3

F. Supp. 2d 711, 717 (S.D.N.Y. 2007)).  Here, that object is the purported right of the individual Santa Fe owners to obtain a repair of the alleged brake defect free of charge under Hyundai's warranty.

  c. Thus, at a minimum, Plaintiff has placed at issue the repair cost of all New York-based 2007-2012 Hyundai Santa Fe vehicles by seeking compensatory damages for those owners and lessees who have previously paid to repair their vehicles and a declaratory judgment that the owners and lessees of the remaining vehicles are entitled to future repairs.  *See* Compl. Prayer for Relief ¶¶ 2-3.  The Complaint alleges that "[t]he vehicle repairs involved herein cost approximately $350-$450 dollars [sic] per repair." Compl. ¶ 11; *see also id.* ¶ 14 ("The cost of the brake repair and/or replacement is approximately $350-$450.").  As of September 25, 2012, there were 30,236 model year 2007 through 2012 Hyundai Santa Fe vehicles sold or leased as new vehicles to buyers or lessees in the State of New York.  **Exhibit C**, Johnson Decl. ¶ 4.  At a cost of $350 per repair, repairing these 30,236 vehicles would cost $10,582,600.  As such, Plaintiff has placed at issue an amount well above CAFA's amount-in-controversy threshold.  The additional relief plaintiff seeks—treble damages, restitution, and punitive damages—only reinforces the conclusion that the amount-in-controversy requirement of CAFA is met here.  *See, e.g.*, *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (satisfying amount-in-controversy requirement with punitive damages).

  d. Although plaintiff alleges that she "will not seek damages and counsel fees in excess of five million ($5,000,000) for the Class, and waives damages and counsel fees in excess of that amount," Compl. ¶ 13, she does not account for the value of the

4

declaratory relief she seeks, and thus fails to limit the total amount in controversy to $5 million or less with that allegation.

  e.  In addition, "a motion made by a plaintiff to increase the amount of relief requested in the *ad damnum* clause of the complaint . . . may be granted in the absence of prejudice to the defendant." *Loomis v. Civetta Corinno Constr. Corp.*, 429 N.E.2d 90, 90 (N.Y. 1981). "Thus, the prayer [for relief] cannot be counted upon to limit the amount of damages that may be awarded under New York law," and "a removing defendant should not be bound by the plaintiff's demand for relief." *Cheung v. Union Central Life Ins. Co.*, 269 F. Supp. 2d 321, 324-25 (S.D.N.Y. 2003). Moreover—even assuming *arguendo* that Plaintiff does not move at some future point to increase the amount of the relief requested in the *ad damnum* clause—Plaintiff never asserts that she "*will not accept* damages in excess of [$5 million] exclusive of interest and costs," leaving open the possibility that she would do so if such damages were awarded despite her not requesting them. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003) (emphasis in original).

  f.  Finally, because Plaintiff "has a fiduciary duty to [her] fellow class members . . . [she] can't throw away what could be a major component of the class's recovery." *Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). "What [she] is willing to accept thus does not bind the class and therefore does not ensure that the stakes fall under $5 million." *Id.* at 831; *see also Standard Fire Ins. Co. v. Knowles*, --- S. Ct. ----, 2012 WL 1966025 (Aug. 31, 2012) (granting certiorari to decide whether a named plaintiff in a putative class action can avoid federal jurisdiction under CAFA by stipulating that she seeks damages, on behalf of herself and

the absent class members, in an amount less than the jurisdictional minimum of $5 million).

      g.      In sum, there is a reasonable probability that the aggregate claims of the plaintiff class, exclusive of interest and costs, are in excess of the $5 million jurisdictional threshold set by 28 U.S.C. § 1332(d)(2).

## PROCEDURAL REQUIREMENTS UNDER REMOVAL STATUTE

7.      Local Rule 81(a)(3)(A) requires the removing party to file "an index identifying each document filed and/or served in the state court action." Accordingly, Hyundai has attached that index here as **Exhibit A**.

8.      The procedural requirements set forth in 28 U.S.C. § 1446 are also satisfied here. Section (a) of that statute requires the removing party to file a notice of removal "in the district court of the United States for the district and division within which such action is pending," which Hyundai does with this filing. Section (a) also requires a moving party to provide a copy to the district court of all process, pleadings, and orders served on defendants in the state action. Accordingly, Hyundai has attached copies of all pleadings, process, and orders served on Hyundai in this action, including the Complaint and summons. *See* Exhibit B.

9.      This Notice of Removal is timely under 28 U.S.C. § 1446(b). That section provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." The Complaint was served on the Secretary of State for the State of New York on August 27, 2012. On September 11, 2012, CT Corporation received a copy of the Complaint via certified mail.[1]

---

[1]      The Secretary of State's cover letter was addressed to Hyundai's registered agent, National Registered Agents, Inc. But Hyundai received the copy of the summons and complaint

6

10. "When service of process is made upon a statutory agent rather than on the defendant personally, the thirty-day period during which the defendant may remove the case does not begin with service upon the agent, but rather, when the defendant receives personal service of the summons and complaint." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 624 (S.D.N.Y. 2004); *see also* 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3731 (4th ed. 2011) ("[I]t now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service . . . .").

11. The date of this Notice of Removal, September 27, 2012, is within thirty days of receipt of the Complaint by CT Corporation. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

12. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff and filed with the Clerk of the Supreme Court of the State of New York, County of Monroe.

13. Based upon the foregoing, Hyundai respectfully submits: (i) that this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and 1453; and (ii) that the procedural requirements of 28 U.S.C. § 1446 are met. As such, this action is properly removable to federal court.

---

from CT Corporation, whose Service of Process Transmittal Form indicates that CT Corporation received the copy of the summons and complaint and forwarded it to Hyundai.

WHEREFORE, the above described action now pending against Hyundai in the Supreme Court of New York, County of Monroe is removed to the United States District Court for the Western District of New York.

Dated:  September 27, 2012

Respectfully Submitted,

GIBSON, MCASKILL & CROSBY

By: _____*s/ Brian P. Crosby*_____
Brian P. Crosby
GIBSON, MCASKILL & CROSBY
69 Delaware Avenue, Suite 900
Buffalo, New York 14202-3866
Telephone: (716) 856-4200 Ext.134
Facsimile: (716) 856-4013
E-mail: bcrosby@gmclaw.com

Michael L. Kidney*
Audrey E. Moog**
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Tel:    (202) 637-5600
Fax:    (202) 637-5910
michael.kidney@hoganlovells.com
audrey.moog@hoganlovells.com
(* - *pro hac vice papers to be filed*)
(** - *admitted in SDNY; application for admission to be submitted*)

*Attorneys for Defendant Hyundai Motor America*