# EXHIBIT A

## **INDEX OF DOCUMENTS FILED AND/OR SERVED**
## **IN THE STATE COURT ACTION**

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF MONROE
Monroe County Index No. 12-8720

Caption:          ANNE MARIE HAAG, on behalf of themselves and all others similarly
                  situated v. HYUNDAI MOTOR AMERICA

1.     Title of Action filed on August 3, 2012
2.     Index Number Application filed on August 3, 2012
3.     Summons filed on August 3, 2012
4.     Complaint filed on August 3, 2012
5.     Notices of Service Pursuant to §306 of the Business Corporation Law
6.     Affidavit of Service filed on September 14, 2012

1

County Clerk, <u>Monroe</u> County
Application for INDEX NUMBER
pursuant to CPLR 306-a

FEE <u>$210.00</u>

Index Number

*12-8720*

Do not write in this space.

Spaces below to be TYPED OR PRINTED by applicant.

<u>TITLE OF ACTION OR PROCEEDING</u>

<u>Supreme</u> Court, <u>Monroe</u> County

<u>Anne Marie Haag</u>

VS

<u>Hyundai Motor America</u>

<u>Elmer Keach, P. O. Box 70, Amsterdam, NY  12010</u>
Name and address of
Attorney for Plaintiff
or Petitioner. *

<u>Unknown</u>
Name and address of
Attorney for Defendant
or Respondent.

*Your name and address if you are representing yourself.

Indexed and Entered ...........................................................................................
Do not write on line above.

2012 AUG -3  AM 9:49
MONROE COUNTY CLERK

FILED

2

MONROE COUNTY CLERK'S OFFICE     THIS IS NOT A BILL. THIS IS YOUR RECEIPT

ROCHESTER, NY

Receipt #    752353

Index     CIVIL

Return To:

Book              Page

No. Pages :  2

Instrument INDEX NUMBER APPLICATION

Date    :   08/03/2012

Time    :   09:50:02AM

HYUNDAI MOTOR AMERICA

HAAG,ANNE MARIE

Control #   **201208030127**

Index #    I2012008720

Employee : MeganS

| | | |
|---|---|---|
| RECORDING FEE | $ | 19.00 |
| COUNTY FEE INDX# | $ | 26.00 |
| STATE FEE I# ISSUED | $ | 165.00 |

Total            $      210.00

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING - THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

CHERYL DINOLFO
MONROE COUNTY CLERK



PI182-201208030127-2

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE
------------------------------------------------------x
ANNE MARIE HAAG, on behalf of
themselves and all others similarly situated,

<table>
<tr><td></td><td></td></tr>
</table>

|                          |                    |
|--------------------------|--------------------|
| Plaintiff,               | Index No.          |
| - against -              | *12 - 8720*        |
| HYUNDAI MOTOR AMERICA,   | **SUMMONS**        |
| Defendant.               |                    |

------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in this complaint.

The basis of the venue designated is that the residence and/or principal place of business of the Plaintiff listed above is Monroe County, New York.

Dated: July 27, 2012

Elmer Robert Keach, III, Esquire
LAW OFFICES OF ELMER ROBERT
  KEACH, III, PC
1040 Riverfront Center
P. O. Box 70
Amsterdam, NY 12010
Telephone:    518.434.1718
Telecopier:   518.770.1558
Electronic Mail:
bobkeach@keachlawfirm.com

**ATTORNEY FOR PLAINTIFF
ANNE MARIE HAAG**

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE
-----------------------------------------------------x

ANNE MARIE HAAG, on behalf of
themselves and all others similarly situated,

                       Plaintiff,

   - against -

HYUNDAI MOTOR AMERICA,

                     Defendant.
-----------------------------------------------------x

Index No.

*12-8720*

**CLASS ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED 2012 AUG -3 AM 9:49 MONROE COUNTY CLERK

      Plaintiff, Anne Marie Haag ("Plaintiff"), on behalf of herself and all others similarly

situated, by her undersigned counsel, alleges, against Defendant Hyundai Motor America,

("Hyundai" or "Defendant"), the following upon personal knowledge as to her own acts, and

upon information and belief, based on the investigation conducted by her counsel, as to all other

allegations:

## SUMMARY OF THE ACTION

      1.    Plaintiff bring this class action complaint on behalf of herself and all other

citizens of the State of New York who purchased and/or leased (collectively "purchasers") a

Hyundai Santa Fe ("Santa Fe"), model years 2007 through 2012 ("Class Vehicles"), and which

vehicles had or currently have a defective rotor/caliper brake assembly (the "Class").

      2.    As alleged herein in greater detail the Santa Fe vehicles are equipped with

defective brakes.  Due to these defective parts, Santa Fes manifest significant squealing and

premature deterioration of the rotors and pads and sticking of calipers when the brake pedal is

applied if the defect is not corrected by replacement of brake pads, rotors and calipers.  These

defects are unreasonably dangerous, as they can cause the braking system components to become severely worn and damaged, and may lead to a complete failure of the braking system.

3.      By pre-release data and testing, analysis of service and maintenance reports and trends, knowledge of the material and design specifications, and by complaints of its customers, Hyundai was on notice that the Santa Fe vehicles' brake assemblies were defective and not fit for their intended purpose of properly and effectively bringing the automobile to a stop. Hyundai actively concealed the existence and nature of said defects from Plaintiff and the Class members at the time of purchase and thereafter. Hyundai has not recalled the Santa Fe to repair the defects, nor has it offered to repair the defects to its customers free of charge, nor has it offered to reimburse Hyundai owners, present or past, who incurred costs relating to braking system repairs.

**The Warranty Provisions**

4.      Pursuant to the new vehicle "bumper to bumper" express warranty given to all purchasers of the Santa Fe, Hyundai is responsible for all repair and labor associated with the repair and service of defective parts. That warranty (referred to herein as the "Basic Warranty") was effectively for 60,000 miles or 60 months, whichever came first. Although the Basic Warranty purports to exclude brake pads, the brake components involved herein, brake rotors and calipers, are not excluded items under the Basic Warranty.   Moreover, brake rotors and calipers are clearly not "wear and tear items" which one would expect to be excluded. For example, the Basic Warranty for the 2008 Santa Fe, which, upon information and belief is typical of the basic Warranty for the Class Vehicles herein, states in pertinent part:

2

**WARRANTOR**
Hyundai Motor America (HMA) warrants your new 2009 . . .
Hyundai vehicle pursuant to the limited warranties described in
this Owner's Handbook.

      *                    *                    *

**WHAT IS COVERED**
Repair or replacement of any component originally manufactured or installed by
Hyundai Motor Company, Hyundai Motor Group, Hyundai Motor manufacturing
Alabama (HMMA) or Hyundai Motor America (HMA) that is found to be
defective on material or workmanship under normal use and maintenance, except
any item specifically referred to in the section "What is Not Covered." ...

**WARRANTY PERIOD**
The warranty period is limited to 5 years from the date of original
retail delivery or date of first use, or 60,000 miles, whichever
occurs first.

      *                    *                    *

**WHAT IS NOT COVERED**
Normal maintenance items (#) are warranted in normal service,
only when the replacement is the result of a defect in material or
factory workmanship, for 12 months from the date of original retail
delivery of date of first use, or 12,000 miles, whichever occurs
first, or up to the first scheduled maintenance replacement interval.
(#- such as belts, brake pads and linings, clutch linings, filters,
wiper blades and all bulbs except halogen bulbs which are covered
up to 3 years from the date of original retail delivery or date of first
use, or 36,000 miles, whichever occurs first.)

5.      While the Basic Warranty covers the braking system (except for brake pads and

linings as noted above) for 60 months or 60,000 miles, Hyundai has claimed that the defect's

symptoms are caused by normal wear and tear, thereby facially avoiding any obligation to

remedy this problem. Further, if the defect has occurred after the warranty expires, Hyundai has

also claimed that the warranty on the entire braking system is inapplicable. Consequently,

Plaintiff and the Class members have been required to pay for the repairs of the brake assemblies

themselves.

3

6.     Plaintiff alleges that Hyundai is responsible and liable for the costs of replacing the defective brake assemblies including reimbursement to her and members of the class for needed repairs already performed.

## PARTIES

7.     Plaintiff, Anne Marie Haag, brings this action in an individual capacity and on behalf of all others similarly situated.

8.     Plaintiff Anne Marie Haag, at all relevant times is and was a resident and citizen of the city of Rochester, County of Monroe and State of New York.   In or about November 2009, Plaintiff Haag purchased a 2009 Santa Fe from a Hyundai dealership, located in Rochester New York.

9.     Upon purchase, the vehicle was registered and insured in the State of New York. Plaintiff intended to use and did use her vehicle in New York.

10.     Defendant Hyundai is a foreign corporation, with its principal place of business and national headquarters located in California.  However, Defendant Hyundai is registered to do business in New York as a foreign corporation and has designated the New York Secretary of State as its agent for service of process in New York which, in turn, is authorized to serve Hyundai's registered agent in New York, which is National Registered Agents, Inc., Suite 140, 1666 Walt Whitman Road, Melville, New York, 11747. Defendant designs, manufactures and sells automobiles and other vehicles under its Hyundai brand name throughout the United States, including in the State of New York.  In addition, Defendant's Santa Fe models are advertised, distributed and sold at multiple places of business in the State of New York through Defendant's dealers, including locations in: Mt. Kisco, Bedford Hills, Watertown and Rochester, New York, and other places.  These locations were, and are maintained by, Defendant's dealers for the sale

4

of Defendant's vehicles, including the Santa Fe and the Defendant has sold the model years in

question in the State of New York to Plaintiff and members of the Class during the Class Period.

## JURISDICTION AND VENUE

11.     The vehicle repairs involved herein cost approximately $350-$450 dollars per

repair. Plaintiff believes that the cost of repair for the class vehicles is not greater than and is, in

fact, less than five million dollars ($5,000,000). Plaintiff will not seek damages and counsel fees

in excess of five million ($5,000,000) for the Class and waives damages and counsel fees in

excess of that amount. Accordingly, this court may exercise jurisdiction over the Defendant in

this class action which involves New York State citizens and violation of New York State

statutes for the purchases by class members of their vehicles in New York State.

12.     The action has been brought in this jurisdiction because it has a distinct nexus

with class members and the alleged harm. In addition, the number of citizens of the State in this

forum is substantially larger than citizens from other states, particularly as the Class is defined as

purchasers and/or lessees who are New York citizens. In addition, Hyundai is registered to do

business in New York as a foreign corporation.

13.     The case is properly brought in this County as Plaintiff resides in the County and

Defendant has sold defective vehicles in the County, maintains sales and service authorized

dealers in the County and advertises its vehicles for sale in the County.

## UNCONSCIONABILITY AND
## UNENFORCEABILITY OF ANY ARBITRATION CLAUSE

14.     To the extent Defendant has made individual arbitration a requirement to enforce

the warranty, such requirement is unconscionable as Plaintiff and the class cannot vindicate their

rights in arbitration. In particular, the arbitration agreement requires that Plaintiff pay $275 for

5

the arbitration filing fees, in addition to any individual expenses they may incur (e.g., travel, time off from work or responsibilities, attorneys fees).   The cost of the brake repair and/or replacement is approximately $350-$450.  As a result, Plaintiff and members of the class could not expect to vindicate their rights or seek a remedy in individual arbitration given the costs involved and the prospects of individual recovery.

## FACTUAL BACKGROUND AND SUBSTANTIVE ALLEGATIONS

### Plaintiff's Factual Allegations

15.     Plaintiff purchased a new 2009 Santa Fe vehicle from a Hyundai dealership located in Rochester, New York in or about July 2009, while a citizen of the State of New York. The vehicle was delivered to Plaintiff and/or put in service in or about July 2009.

16.     At the time of purchase, Hyundai, through its dealership, employees, agents and servants represented to Plaintiff that it thoroughly inspected the vehicle, including its braking system, and that the entire vehicle was in good condition and fit for its intended purpose.  In fact, Defendant represented to Plaintiff and the Class members that such inspection was key to the efficient operation of the vehicle.   Defendant further represented to Plaintiff and members of the Class that their vehicles provided a high level of performance and affordable price, and that Hyundai operated the world's largest integrated automobile manufacturing facility which included complete state-of-the art testing facilities.  Hyundai represented that the Santa Fe had a sophisticated design and included "segment-leading standard safety features" which, by direct reference and by implication, the braking system would be a significant part.

17.     When the Plaintiff's vehicle had approximately 25,841 miles, Plaintiff became aware of problems with the brakes as a result of loud noise and vibration from the rear of the vehicle.

6

18.     Plaintiff brought the vehicle to, and contacted Defendant, through its dealer, who determined the brakes and rotors required replacement. Plaintiff requested that Defendant cover the repair or replacement under 5 Year/60k Warranty as the vehicle was still within the 5 year 60,000 miles warranty, which request Defendant refused.

19.     As a result, Plaintiff had the brake pads and rotors replaced at her expense and paid $433.58.

**Defendant Hyundai's Conduct**

20.     Plaintiff subsequently learned that her Santa Fe, just like the other Class Vehicles, model years 2007 through 2012, had a continuing problem with their brake rotors and caliper assemblies. Plaintiff alleges that the problem with the 2007 vehicles' brakes first surfaced in 2005 - 2006, when it became apparent that there was a design and manufacturing defect in the rotors and caliper assemblies.

21.     Hyundai, nevertheless, continued to represent to new purchasers and/or lessees of Santa Fes, as it did with Plaintiff, that said Santa Fes including their brake assemblies, were properly designed, in good working condition, and fit for their intended purpose.

22.     Hyundai, through its dealerships, agents, servants and employees, were put on actual and/or constructive notice of the defective brakes in the Class Vehicles since at least 2005 - 2006. Thus, when Plaintiff subsequently purchased her Santa Fe, Hyundai knew, or should have known, that the brake assemblies on these vehicles were defective. Hyundai, nevertheless, failed to disclose the existence and nature of said defects in any advertisements, agreements, publications, websites, owner manuals, warranty agreements or literature given to new purchasers of the vehicle, including Plaintiff and members of the Class. Hyundai also failed to provide owners of the vehicle with any written warnings or notices regarding the vehicle's

7

defective brakes. Further, Hyundai refused to cover the cost of replacing these defective brakes claiming that such costs were not covered by the Basic Warranty.

23.     Further, even though Hyundai had actual knowledge of the defect in the brake assemblies in the Class Vehicles, it did not correct the defect and concealed the existence of the defect in the Class Vehicles.

24.     While rotors may occasionally need to be turned to restore their braking service, the rotors and calipers do not normally wear out and require complete replacement during the normal life of the vehicle used under 100,000 miles. In fact, while Hyundai's Service and Maintenance Guide calls for the periodic inspection of the braking system, it does not suggest or require the scheduled replacement of any rotors or calipers in the braking system within the first 120,000 miles.

25.     Upon information and belief, at least one of the defects existing within the rotors and calipers in the 2007 Santa Fe, is that the rotors are too thin and/or varying in thickness and not in conformance with customary thickness and uniformity which would otherwise be standard in the industry. In addition, the caliper contains a pin and/or guide which has a tendency to stick because it fails, *inter alia*, as it was not galvanized and/or treated to be anti-corrosive, contrary to what proper workmanship and design would have required.

26.     Upon information and belief, as early as 2005 - 2006, Hyundai was, in fact, aware of the defect and the inherent and dangerous driving problem the defect created. Defendant had the benefit of its pre-release testing, early service maintenance analysis and reports and data; knowledge and examination of the specifications for the various brake part (e.g., rotors, hubs and caliper assemblies); knowledge of materials; and knowledge through customer complaints to Hyundai directly and through online consumer websites. Upon information and belief, and for

8

purely economic motives, Defendant chose to continue to produce Santa Fe vehicles with defective rotors and caliper assemblies since it was less expensive to do so.

27.    Various complaints filed by purchasers of the Santa Fe vehicles with various internet bulletin board-type websites demonstrate the potential dangerous nature of the defective condition.  Defendant was aware of and had knowledge of these complaints and, therefore knew that the problem was a widespread and common defect and not the result of mere isolated incidents unrelated to the defect.

(a)  For example, on April 27, 2008, one consumer noted on www.carsurvey.com that "I have had my Santa Fe for almost 8 months and I am starting to have problems.  My rear brake caliper is seizing up and gouging the rotor."

(b)  For example, on July 23, 2008, one consumer noted on www.carsurvey.com that "At 30,000 KM our 2007 Santa Fe also had the rear driver side brake fail. The pad wore down to the metal. My husband is a mechanic and said that the caliper frame is machined wrong and Hyundai is "cramming" the brakes in. With the brakes being wedged in, they seize and lock the whole time you drive, causing a safety issue and probably very poor fuel mileage.The dealership we go to also would not cover it, as we didn't pull the brakes off at 24,000km and "grind them down to fit", or lube the sliders on the caliper frame."

(c)  For example, on September 18, 2008, one consumer noted on www.carsurvey.com that "My 2007 Santa Fe has less than 23,500 kms. Back brakes almost worn out. Pads had to be replaced and rotors ground down to fit properly. $309 later, I find out that the brakes are NOT covered under the warranty.. It seems that brakes fall under the same category as wipers!! Imagine.. they are all "wearable parts"... well so is the rest of the Santa Fe.. so does that mean

there is nothing covered under their 5 yr 100,000 km warranty... very disappointed.. may go back to Honda."

(d) For example, on October 3, 2008, one consumer noted on www.carsurvey.com that "We've also got a 2007 Santa Fe with 27,000kms on it. Same thing as everyone else. Brake problems. Driver's rear brake seized up and wore the outside pad down to the metal. Huge gouge in the rotor now. Had to order new pads and a new caliper. Not covered under warranty."

e) For example, on November 22, 2001, one consumer noted on www.consumeraffairs.com that "The thing that bothers me the most is that at 16,000 miles and two years old, I was told my brake calipers were corroded and sticking, overheating my discs. I asked when they could fix them and they said it wasn't covered on their warranty and I would have to pay. What good is a bumper to bumper warranty when substandard materials are used and not covered."

37.    That the 2007 – 2012 Santa Fe vehicles were experiencing significant problems with calipers, rotors and brakes was known to Defendant.  Accordingly, the premature wearing, grinding and/or premature failure of the brakes is caused by a product defect.  It was also known to Defendant that this defect caused a potentially dangerous driving condition if not corrected when experienced by the vehicle owner.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated, pursuant to the New York Civil Procedure Laws & Rules ("CPLR") Article 9, Section 901, *et seq.,* on behalf of a class, consisting of all citizens of New York who purchased or leased a Class Vehicle in New York State.  Excluded from the class is Defendant, officers and directors of the company, at all relevant times, members of their immediate families and their

legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a

controlling interest.  Plaintiff asserts that the Class may be divided into two subclasses.  The first

consists of all Class members who have experienced some or all of the aforementioned defect

and have expended sums to repair the defect when, in fact, Defendant is legally responsible to

pay for the same (the "Damages Subclass").  The second seeks declaratory relief, and consists of

Class members who will have or may have the defective rotor problem manifest in the future for

which Defendant, though legally responsible, will not cover or pay for (the "Declaratory Relief

Subclass").  Some Class members may overlap the subclasses, since they have paid for a

replacement, and thereby suffered damages, but to the extent they may experience the defect and

require additional rotor/caliper assembly replacement beyond that for which they paid, they are

entitled to declaratory relief.  Except where otherwise stated, the term "Class" includes both

subclasses.

29.     The Class which Plaintiff seeks to represent is defined as:

> All persons who are or were at the time of purchase or lease, a
> citizen of the State of New York purchased and/or leased a 2007 to
> 2012 Santa Fe automobile.  The term "persons" includes
> individuals as well as profit and not-for-profit corporations,
> partnerships, limited liability companies, limited liability
> partnerships, joint ventures, sole proprietorships, associations,
> firm, trust and other business and governmental entities.
>
> Excluded from this Class are any persons or other entity related to
> or affiliated with Defendants; any person, firm, trust, corporation,
> or other entity who purchased, for resale, from Defendants, or any
> entity related to or affiliated with Hyundai, a new Santa Fe model
> year 2007 to 2012, or any person who has an action for damages
> for personal injury or death or property damage against Defendant.

## NUMEROSITY

11

30.     The members of the Class are so numerous that joinder of all members is

impracticable.  The Class is made up of hundreds or thousands of members.  The precise number

of Class members can only be ascertained through discovery, which includes Defendant's sales,

service, maintenance and complaint records.  The disposition of their claims through a class

action will benefit both the parties and this Court.

## COMMON QUESTIONS OF LAW AND FACT

31.     There is a well-defined community of interest in the questions of law and fact

involved affecting the Plaintiff and members of the Class.

32.     The questions of law and fact common to the Class, and in particular, the

Damages Subclass, predominate over questions which may affect individual members, and

include the following:

       (a)     Whether the rotors and calipers used by Defendant in its Class Vehicles,
model years 2007 - 2012 were defective in that the caliper pin and/or
guide was defective, and/or rotors were too thin and/or contained such
excessive variation in thickness as to fail to conform to industry standards
or contained other substantial defect.

       (b)     Whether Santa Fe vehicles possess the brake system defect or defects
alleged;

       (c)     Whether the brake system defect(s) constitute a breach of the implied
warranty of merchantability and of express warranty;

       (d)     Whether the calipers and/or rotors are included in the 60,000 mile/60
month express warranty (e.g., Basic Warranty);

       (e)     Whether the Defendant violated New York's General Business Law

Section 349;

       (f)     Whether members of the Class are entitled to be notified and warned about
the brake system defect and are entitled to the entry of final and injunctive
relief compelling Defendant to issue a notification and warning to all class
members concerning such a defect;

12

(g)     Whether Class members are entitled to actual damages and if so, the
        appropriate amount thereof;

(h)     Whether Defendant deliberately misrepresented or failed to disclose or
        concealed material facts to Plaintiff and the Class members;

(i)     Whether Defendant gave an express warranty which was limited by time
        despite Defendant's knowledge that the braking defect would become
        apparent after the warranty period; and

(j)     Whether the durational limits of the Basic Warranty as applied to this
        significant defect are unconscionable and therefore unenforceable.

## TYPICALITY

33.     The claims and defenses of Plaintiff, as the representative Plaintiff, are typical of

the claims and defenses of the class because Plaintiff and the Class members all owned Class

Vehicles with defective brake assemblies which were designed, manufactured and sold by

Defendant.  Plaintiff, like all class members, purchased her Santa Fe without having received any

warning or notification from the Defendant of the brake defect.  Plaintiff also qualifies as typical

of each subclass.

## ADEQUACY OF REPRESENTATION

34.     Plaintiff, as the representative Plaintiff, will fairly and adequately assert and

protect the interests of the Class as:

(a)     Plaintiff has hired attorneys who are experienced in prosecuting class

        action claims and will adequately represent the interests of the Class; and

(b)     Plaintiff has no conflict of interest that will interfere with the maintenance

        of this class action.

## PREDOMINANCE

35.     With respect to the Damages Subclass and/or Class, questions common to the class predominate over those which only affect individual owners. This case involves one model car. The braking system parts are interchangeable from one model year to the next. The brakes are defective regardless of who was driving them or how they were being driven. Liability will primarily be predicated upon the jury's evaluation of the design of the brake assembles, the defective components and Defendant's awareness of the problem and its effort to resolve it.

### SUPERIORITY

36.     A class action provides a fair and efficient method for the adjudication of controversy for the following reasons:

      (a)    The common questions of law and fact set forth above predominate over any questions affecting only individual Class members;

      (b)    The Class is so numerous as to make joinder impracticable. The Class, however, is not so numerous as to create manageability problems. There are no unusual legal or factual issues which would create manageability problems;

      (c)    Prosecution of a separate action by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendant when confronted with incompatible standards of conduct;

      (d)    The claims of the individual Class members are small in relation to the expenses of litigation, making a class action the only procedure in which Class members can, as a practical matter, recover; and

      (e)    A class action would be superior to and more efficient than adjudicating thousands of individual lawsuits.

14

## ESTOPPEL FROM PLEADING AND TOLLING OF
## APPLICABLE STATUTES OF LIMITATIONS

37.     Plaintiff hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

38.     Defendant is estopped from relying upon any statutes of limitation by reason of its fraudulent misrepresentation, suppression and concealment of material facts, and any applicable statutes of limitation are tolled by such conduct.

## FIRST CAUSE OF ACTION

### (Deceptive Trade Practices)
### (Violation of General Business Law Sections 349 & 350 Deceptive Acts and Practices)

39.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

40.     Plaintiff asserts this cause of action on behalf of herself and the Class.

41.     Defendant's practices, acts, policies and course of conduct, as described above, were intended to induce, and did induce, Plaintiff and the Class Members to purchase and/or lease the above-mentioned Vehicle with defective brake system design.

42.     Defendant sold and/or leased the Class Vehicles knowingly concealing that they contained the design defects.

43.     Defendant's practices, acts, policies and course of conduct are actionable in that:

(a)     Defendant actively and knowingly misrepresented to Plaintiff and the Class Members at the time of purchase or lease  that the Class Vehicles, including the brake system design of said vehicles, did not contain a material defect, were in good working order, not defective and merchantable;

15

(b)     Defendant failed to give adequate warnings and notices regarding the use, defects and problems with the brake system defect to consumers who purchased or leased said Class Vehicles, despite the fact that Defendant possessed prior knowledge of the inherent defects to the Class Vehicles= braking systems;

(c)     Defendant failed to disclose to Plaintiff and the Class Members, either through warnings or recall notices, and/or actively concealed the fact from them that the brake system was defective, despite the fact that it learned of such defects in at least as early as 2005 - 2006;

(d)     Defendant's actions and/or omissions caused Plaintiff and the Class Members to expend sums of money at its dealerships and elsewhere to repair and/or replace the brake system and/or brake system components, despite the fact Defendant had prior knowledge of the defects at the time of placing said vehicles into the stream of commerce; and

(e)     Defendant occasionally, through its agents and representatives, has admitted to some Class Vehicles owners or lessees by its words and action, that the defect should be covered by its warranties and denied this to others.  Defendant thereby maintained a secret warranty practice for some while denying it for others, thus constituting an unfair, deceptive, arbitrary and unconscionable trade practice.

44.     Each and all of the aforementioned conduct is and was deceptive, false, fraudulent and constitutes an unconscionable commercial practice in that Defendant has, by the use of false or deceptive statements and/or knowing intentional material omissions, misrepresented and/or concealed the true defective nature of the brake system.

45.     In making these misrepresentations of fact and/or material omissions to prospective customers while knowing such representations to be false, Defendant has

16

misrepresented and/or knowingly and intentionally concealed material facts and breached its
duty not to do so.

46.     Members of the public were deceived by and relied upon Defendant=s affirmative
misrepresentations and failures to disclose.

47.     Such acts by Defendant are and were deceptive acts or practices which are and/or
were, likely to mislead a reasonable consumer purchasing the vehicle.  Said deceptive acts and
practices aforementioned are material.  The sale and distribution in New York of the Class
Vehicles was a consumer-oriented act and thereby falls under the New York consumer fraud
statute, General Business Law §§ 349 and 350.

48.     As a direct and proximate result of these unfair, deceptive and unconscionable
commercial practices, Plaintiff and the Class Members have been damaged as alleged herein, and
are entitled to recover actual and/or statutory and/or punitive damages and/or trebled damages to
the extent permitted by law, including class action rules, in an amount to be proven at trial.

49.     As a result, Plaintiff and the Class Members seek restitution of all monies that
Hyundai received as a result of selling the above-mentioned vehicles to Plaintiff and the Class
Members with inherent defects at the time of purchase and/or lease, and by forcing Plaintiff and
the Class Members to expend substantial sums of money for the repair and/or replacement of the
vehicles= defective brake system and/or component parts, despite the fact that Defendant had
prior knowledge of the Class Vehicles' defects.  Plaintiff is informed and believes that the
amount of said restitution is unknown at this time, but will seek relief to amend this complaint at
the time of trial, when the same has been ascertained.

50.     In addition, Plaintiff seeks punitive damages and reasonable attorneys' fees.  The
Declaratory Judgment Subclass Members seek a declaration that their defective brake systems

17

must be repaired at Defendant=s expense and fall within the Basic Warranty.

## SECOND CAUSE OF ACTION
### (Breach of Express Warranty)

51.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

52.     Plaintiff asserts this cause of action on behalf of herself and the Class.

53.     Plaintiff and the Class members have entered into certain written warranty agreements with Hyundai. Pursuant to the Basic Warranty, Hyundai agreed it would provide Plaintiffs and the Class members with Santa Fe vehicles that were in proper working order and would make all such replacements or repairs "found to be defective on material or workmanship" including with respect to the components of the braking systems (e.g., rotors, calipers, hubs and pads) for each vehicle. Hyundai was therefore obligated to repair and/or service any defects or problems with the braking systems rising out of such defect, that Plaintiff and the Class members experienced. In exchange for these duties and obligations, Hyundai received payment of the purchase or lease price for the above-mentioned Santa Fe vehicles from Plaintiff and the Class members.

54.     The Basic Warranty does not exclude the failure of the rotors or calipers if occurring within 60,000 miles/60 months.

55.     The Basic Warranty's express terms concerning specified components of the braking system was breached by Defendant with respect to Plaintiff and all Class members who have not exceeded the 60,000 mile/60 months, because Defendant has refused to repair the premature brake failure, including the rotors and calipers, arising from the defect for Plaintiff and Class members even when its symptoms appear within the 60,000 miles/60 months. Defendant,

18

despite its pre-existing knowledge of the defective components, wrongfully asserts that the premature brake failure is not covered under the warranty and/or is "normal wear and tear."

56.     In addition, Defendant is aware that the defect will continue to result in brake failure even after the warranty period had lapsed and such conduct on the part of Defendant is patently unconscionable, rendering the warranty limitations unenforceable, since Hyundai was aware of basic design defects in the system prior to selling or leasing the Class Vehicles and knew or should have known that the brakes would fail prematurely, and limited the express warranty, as such, in order to render such warranty unusable or illusory.  Moreover, Hyundai used its superior knowledge of the existing defect to offer a warranty which it knew or should have known would not cover the brake defects known to Hyundai to exist in the vehicles at the time of purchase or lease by Plaintiff and members of the Class.  Hyundai breached the express warranty in providing Plaintiff and the Class with Santa Fe vehicles with defective brake assemblies which is has refused to repair or replace.

57.     Plaintiff gave notice to Defendant of her respective vehicle's defect through its Dealer and agent and through its customer service division, and gave Defendant a chance to repair the defect under the Basic Warranty, which Defendant refused to do.

58.     Hyundai also violated the Basic Warranty and any implied covenant of good faith inherent in such agreement by selling Plaintiff and the Class members vehicles with limited warranties under circumstances in which Hyundai knew or should have known that the defective braking systems would fail prematurely beyond the warranty period.

59.     As a result of the foregoing, Plaintiff and the Damages Subclass members are entitled to compensatory damages for breach of express warranty in an amount to be proven at trial, and punitive damages because Defendant acted in a manner contrary to public purpose and

19

with intent to exclude such defective brake systems.  In addition, Plaintiff seeks a declaratory judgment as set forth herein below in the Sixth Claim.

60.    In addition, with respect to Class members whose repairs were beyond the warranty period, but failed within a reasonable period thereafter, the durational limits of the warranty are unconscionable pursuant to the New York Uniform Commercial Code Sec. 2-302(1) and (2), because, as alleged herein, Hyundai knew that the brake components were defective and concealed or intentionally failed to reveal this material information to Class members in order to cause them to wait until after the warranty period to seek repairs.  In addition, the Defendant intentionally limited the warranty period so as to insure it would not be responsible for what it knew was a defect which otherwise would or should have been fixed by it under the warranty.

### THIRD CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

61.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

62.    Plaintiff asserts this cause of action on behalf of herself and the Class.

63.    Hyundai designed, manufactured and ultimately sold or leased the Santa Fe vehicles, model years 2007 - 2012, to Plaintiff and the Class members.

64.    Hyundai was a merchant because it marketed, sold and distributed its Santa Fe vehicles, model years 2007 -2012 to Plaintiff and the Class members.

65.    Hyundai reasonably expected Plaintiff and the Class members to use the vehicles, including their brake assemblies, and such use by Plaintiff and the Class members of the vehicles was reasonably foreseeable.

20

66.     At the time that Hyundai sold the vehicles to Plaintiff and the Class members, and impliedly warranted that said vehicles, including their brake assemblies, were of merchantable quality.

67.     Hyundai breached this implied warranty because the brake assemblies that Hyundai installed in the vehicles were not of merchantable quality at the time the vehicles were sold.

68.     Hyundai had prior knowledge and notice of the defective nature of the Class Vehicles' brake assemblies and, therefore, of its breaches of warranty, but took no action to remedy the defects or to cure the breach.

69.     As a direct and proximate result of Hyundai's breaches of the implied warranty of fitness, Plaintiff and the Damages Subclass members have been injured in an amount to be proven at trial.  Members of the Declaratory Relief Subclass are entitled to relief requested therein.

<u>**FOURTH CAUSE OF ACTION**</u>
**(Unjust Enrichment)**

70.     Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

71.     Plaintiff asserts this cause of action on behalf of herself and the Class.

72.     Defendant distributed the Class Vehicles into the stream of commerce with the knowledge that these vehicles would be purchased or leased by consumers based on a reasonable expectation that the brake system in the Class Vehicles would be free of defects.

73.     Defendant received funds for the sale of the Class Vehicles which were sold under Defendant's exclusive brand name and based on Defendant's reputation.

74.     Defendant distributed the Class Vehicles with the knowledge that the brake system defect made these vehicles worth less than the defect-free price being paid for them.

75.     Defendant received an economic benefit at the expense of the consumers of the Class Vehicles, including the cost and sale to Plaintiff and the Class of parts which should have been covered and paid for by Defendants. This includes the residential cost of the Warranty which Defendant directly conveyed to Plaintiff and the Class members as part of the transaction with Plaintiff and the Class members when they purchased Defendant's Class Vehicles.

76.     In the circumstances, principles of equity and good conscience make it unjust for Defendant to retain the benefit conferred on it by consumers of the Vehicles and Defendant should be required to pay for this benefit.

### FIFTH CAUSE OF ACTION
### (Breach of Contract)

77.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

78.     Plaintiff asserts this cause of action on behalf of herself and the Class.

79.     Plaintiff and the Class members have entered into certain contracts and warranty agreements with Hyundai. Pursuant to these contracts and agreements, Hyundai would provide Plaintiff and the Class members with certain Santa Fe vehicles that were in proper working order and that were fit for their intended purpose. This included the braking systems of these vehicles. Hyundai was further obligated to repair and/or service any defects or problems with the vehicles, including the braking systems, that Plaintiff and the Class members experienced. In exchange for these duties and obligations, Hyundai received payment of the purchase price for the above-mentioned Santa Fe vehicles from Plaintiff and the Class members.

22

80.   Plaintiff and the Class members satisfied their obligations under these contracts, warranties and agreements.

81.   Hyundai failed to perform as required by the contracts and agreements, and breached said contracts and agreements because it provided Plaintiff and the Class members with Santa Fe vehicles with defective brake assemblies and failed to repair the defects in the vehicles' brake assemblies.

82.   Hyundai also violated the implied covenant of good faith inherent in such contracts and agreements by selling Plaintiff and the Class members vehicles with limited warranties under circumstances in which Hyundai knew that the defective braking systems would fail beyond the warranty period.

83.   As a result of the foregoing, Plaintiff and the Damages Subclass members are entitled to compensatory damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### (Declaratory Judgment for Declaratory Relief Subclass)

84.   Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

85.   Plaintiff asserts this cause of action on behalf of herself and the Declaratory Relief Subclass.

86.   There is a justiciable dispute as to whether the defective braking systems, particularly the defective rotors and calipers, are and/or should be covered under the Basic Warranty by Defendant.

23

87.     By virtue thereof, Plaintiff seek a declaratory judgment declaring that the remedial work necessary to correct the defect, alleged herein with respect to the vehicles' braking systems are covered warranty claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for a judgment against Defendant as follows:

1.      For an order certifying the Class and/or subclasses, appointing Plaintiff as representatives of the Class and each Subclass, and appointing the law firms representing Plaintiff as counsel for the Class;

2.      For a declaration that the remedial work necessary to correct the defective brakes is covered by the Basic Warranty;

3.      For compensatory damages sustained by Plaintiff and the Damages Subclass;

4.      For compensatory damages and/or restitution or refund of all funds acquired by Defendant from Plaintiff and the Damages Subclass as a result of Defendant's unlawful, unfair, fraudulent, deceptive and unconscionable practices, described hereinabove, violating the Consumer Protection Statutes of New York, including actual and/or statutory and/or punitive damages and/or trebled damages to the extent permitted by law, including class action rules, in an amount to be proven at trial;

5.      Trebling of damages suffered by the Class and/or appropriate subclass;

6.      Payment of costs and expenses of suit herein incurred;

7.      Both pre-and post-judgment interest on any amounts awarded;

8.      Payment of reasonable attorneys' fees and expert fees; and

9.      Such other and further relief as the Court may deem proper.

24

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: July 27 2012

KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.

By:

Elmer Robert Keach, III, Esquire
Law Offices of Elmer Robert Keach, III, PC
1040 Riverfront Center
P. O. Box 70
Amsterdam, NY  12010
Tel:    (518) 434-1718

Gary S. Graifman, Esq.
Michael L. Braunstein, Esq.
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel:    (845) 356-2570

Gary E. Mason, Esq.
Nicholas A. Migliaccio, Esq.
WHITFIELD BRYSON & MASON, LLP
1225 19th St. NW, Suite 600
Washington, D.C. 20036
Tel:    (202) 429-2290

5

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
 HYUNDAI MOTOR AMERICA                              HAAG, ANNE MARIE


C/O NATIONAL REGISTERED AGENTS, INC.
111 EIGHTH AVENUE
NEW YORK,  NY 10011


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 08/27/2012 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                                 Very truly yours,
                                            Division of Corporations

State of New York - Department of State
Division of Corporations

Party Served:                              Plaintiff/Petitioner:
HYUNDAI MOTOR AMERICA                        HAAG, ANNE MARIE


C/O NATIONAL REGISTERED AGENTS, INC.
111 EIGHTH AVENUE
NEW YORK,  NY 10011


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 09/14/2012 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                             Very truly yours,
                                          Division of Corporations

6

State Of New York     Supreme Court     County of Monroe

Anne Marie Haag, on behalf of themselves
and all others similarly situated

    — against —

Hyundai Motor America

**Affidavit of Service**

Index No.: **12-8720**

# ORIGINAL

STATE OF NEW YORK

COUNTY OF SCHENECTADY: ss

    I, Marilyn Greene, being duly sworn, deposes and states that deponent is over eighteen years of age, is not a party of this proceeding and resides at   17 Harriet Street, Albany        , New York. 12205

Deponent served two true copies of a **Summons and Complaint** attached herein in the above captioned proceeding, such service having been made in the following manner, stated herein, and said person being the proper and authorized person to be served in this proceeding, (The name of said person, complete address, time and date of service is as follows on line A.)

(A)     Name    **Hyundai Motor America c/o National Registered Agents, Inc.**
          Address: **111 Eighth Avenue**

          City, State: **New York, N.Y.  10011**       Date Served: **8/27/12**    Time: **12:29 PM**

Personal
( )   1.    By delivering to and leaving with personally,             , known to deponent to be the same person mentioned and described in the above captioned proceeding as the person to be served.

Suitable Age
( )   2.    By delivering to and leaving with personally,         , such person knowing the person to be served and associated with     , and after conversing with        , deponent found       to be a person of suitable age and discretion, and by mailing a copy of the proceeding to       to the above address, ( ) actual place of business, ( ) dwelling place, or ( ) usual place of abode.  A copy was sent     in a depository of the United States Postal Service bearing the legend personal and confidential, and not indicating by return address or otherwise that the correspondence was from an attorney or involved a legal action.

Agent
(X)   3.    By delivering to and leaving with, **Chad Matice, Buis. Doc. Spec. I, NYS Secretary of State, 99 Washington Ave., Albany, N.Y.  6th Floor,** the agent for **Hyundai Motor America** and an authorized person to accept service under.

Affixing
( )   4.    By affixing a true copy of the same to the door of the address stated on line (A) above, and by mailing a copy of the proceeding to     , to the above address, ( ) actual place of business, ( ) dwelling place, ( ) or usual place of abode. A copy was sent     , in a depository of the United States Postal Service, bearing the legend personal and confidential, and not indicating by return address or otherwise that the correspondence was from an attorney or involved a legal action. Service was made in this manner because deponent was unable to find the authorized person or persons of suitable age and discretion. Attempts were made,

Deponent further states upon information and belief that said person so served is not in the Military service of the State of New York or of the United States as the term is defined in either the State or Federal Statutes.

The description of **Chad Matice** is as follows:
Sex: **Male**        Weight: **Apx. 200**        Age: **25 - 35**    Skin Color: **White**
Hair: **Brown**        Height: **Apx. 5'10"**       Other Features: **Provided ID Receipt**

Sworn to before me this

28th day of August , 2012

Signature of Deponent: *Marilyn Greene*

Notary Public: *Edward E Van Wormer*

Edward T Van Wormer
Notary Public - State of New York
No. 01VA6254054
Qualified in Albany County
My Commission Expires June 25, 2016

*(left margin, sideways:)* Chad Matice
Business Document Specialist 1
12:29 PM 8/27/12

*(right margin, sideways:)* MONROE COUNTY CLERK 2012 SEP 14 AM 8: 42 FILED