UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNE MARIE HAAG,
on behalf of themselves and
all others similarly situated,

                              Plaintiff,

                                                    DECISION AND ORDER

                                                    12-CV-6521L

            v.

HYUNDAI MOTOR AMERICA,


                              Defendant.
_____


        Plaintiff brings this action pursuant to New York State law on behalf of a putative class of

car buyers.  Plaintiff alleges, inter alia, that defendant Hyundai Motor America breached the terms

of an express service warranty.  The matter was removed from New York Supreme Court, Monroe

County to this Court on September 27, 2012 (Dkt. #1), pursuant to the Class Action Fairness Act,

28 U.S.C. §1332(d) et seq. ("CAFA").

        CAFA grants federal courts jurisdiction over proposed class actions where the amount in

controversy exceeds five million dollars, there is complete diversity of citizenship between all of the

defendants and at least one member of the class, and the class contains at least one hundred potential

members.  28 U.S.C. §1332(d)(2)(A), (d)(5)(B).  The parties do not dispute that the numerosity and

diversity components of CAFA jurisdiction are satisfied here.

        Plaintiff now moves to remand the matter to state court, on the grounds that although

plaintiff's alleged damages would appear to have a value in excess of $5,000,000,[1] plaintiff has

_____

        [1] Plaintiff requests compensatory damages and/or declaratory relief with a value of $350-
$450 per vehicle, in addition to treble punitive damages, for each member of a class of owners
who purchased approximately 30, 236 vehicles.  (Dkt. #1-1 at ¶¶11, 19; Dkt. #1-3 at ¶4).  Thus,
                                                                              (continued...)

recited in her complaint that, "[p]laintiff will not seek damages and counsel fees in excess of five million [dollars] for the Class and waives damages and counsel fees in excess of that amount"). (Dkt. 1-1 at ¶11).  Plaintiff argues that her agreement not to seek damages in an amount which meets or exceeds the threshold amount in controversy deprives this Court of jurisdiction over the instant case.

The Court acknowledges that "[s]uch disclaimers have been long approved as a way of staying out of federal court *but only when the disclaimer is binding*."  *Bell v. The Hershey Company*, 557 F.3d 953, 958 (8th Cir. 2009) (emphasis in original).  *See also Quinones v. National Amusements, Inc.*, 2007 U.S. Dist. LEXIS 38490 at *2-*6 (S.D.N.Y. 2007)  (rejecting parties' attempt to engage in a post-removal stipulation to remand, where the stipulation contains only "rote and conclusory representations" as to the amount of damages, and is not binding, because it expressly reserves plaintiff's right to later reverse course and demand amounts above the threshold amount in controversy).  Moreover, "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case . . . later filings [are] irrelevant."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-12 (5th Cir. 1995), *citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) ("[i]f the plaintiff could . . . reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice . . . the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election").  *See generally Purple Passion, Inc. v. RCN Telecom Servs., Inc.*, 406 F. Supp. 2d 245, 247 (S.D.N.Y. 2005) (permitting post-filing events to dictate jurisdiction for remand purposes, "facilitates gamesmanship and forum-and judge-

---

[1](...continued)
assessing the amount in controversy in terms of the "object of the litigation," the value of the compensatory, declaratory and punitive relief requested would easily exceed $5,000,000 total, even if little more than ten percent of the putative class members participated in the action.  *See Acevado v. Citibank, N.A.*, 2012 U.S. Dist. LEXIS 40242 at *11 (S.D.N.Y. 2012) ([w]here non-monetary relief is sought, the amount in controversy is measured by the [total] value of the object of the litigation") (internal quotations omitted).

shopping . . . [s]uch gamesmanship, and the resulting ping-ponging of cases from state to federal court and back again, should not be permitted").

Here, the plaintiff's pledge not to seek more than $5,000,000 in damages takes the form of a mere recital in an unsworn complaint which otherwise alleges damages exceeding that amount. It cannot remotely be characterized as a binding stipulation: plaintiff has done nothing, either in her complaint or in subsequent filings, to limit her ability, at any future point, to seek the full value of the relief sought in the complaint, or even to amend the complaint to request additional relief. Moreover, as noted above, because an award of compensatory and punitive damages to even a small fraction of the putative class members would total more than $5,000,000, any contention that plaintiff's requested relief does not meet that threshold is, in the absence of any binding stipulation to the contrary, implausible.  As such, the plaintiff's unsworn, unenforceable statement in her complaint that she will not seek more than $5,000,000 in damages does not change the amount that is otherwise manifestly in controversy, or deprive the Court of jurisdiction.

For the foregoing reasons, plaintiff's motion to remand (Dkt. #9) is denied.  Per the Court's December 10, 2012 order (Dkt. #15), plaintiff's response to the defendant's pending motions to strike (Dkt. #10) and to dismiss (Dkt. #11) shall be filed within thirty (30) days of entry of this order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
           December 21, 2012.