UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNE MARIE HAAG,
on behalf of themselves and all others
similarly situated,

                                Plaintiff,

                                                                     DECISION AND ORDER

                                                                       12-CV-6521L

                          v.

HYUNDAI MOTOR AMERICA,

                                Defendant.
_____

       Plaintiff brings this action pursuant to New York State law on behalf of a putative class of car buyers. Plaintiff alleges, inter alia, that defendant Hyundai Motor America breached the terms of an express service warranty. The matter was removed from New York Supreme Court, Monroe County to this Court on September 27, 2012 (Dkt. #1), pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) et seq. ("CAFA"). CAFA grants federal courts jurisdiction over proposed class actions where the amount in controversy exceeds five million dollars, there is complete diversity of citizenship between all of the defendants and at least one member of the class, and the class contains at least one hundred potential members. 28 U.S.C. §1332(d)(2)(A), (d)(5)(B).

       Defendant now moves to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6). (Dkt. #11). For the reasons that follow, the motion is granted in part and denied in part.

## DISCUSSION

I.   **Plaintiff's New York General Business Law §349 Consumer Protection Claim**

N.Y. Gen. Bus. Law §349 prohibits misleading business practices which harm consumers. Plaintiff claims that her Section 349 claim rests on two different theories, "misrepresentation or omission" – that is, that Hyundai misrepresented or omitted crucial information concerning brake performance in its communications with customers, and "secret warranty" – that is, that Hyundai has admitted to some customers that the alleged defect should be covered, but denied this to other customers.

A Section 349 claim requires pleading and proof of three elements: (1) that an act or practice was consumer-oriented; (2) that it was misleading in a material respect; and (3) that the plaintiff was injured thereby. *See Maurizio v. Goldsmith*, 230 F.3d 518, 522 (2d Cir. 2000). It is well settled that the factual allegations comprising a Section 349 claim cannot be conclusory, nor can they be grounded solely on "information and belief." *Bartlett v. Nationwide Mut. Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 22320 at *10 (W.D.N.Y. 2013). Here, plaintiff's allegations in support of the second element – that a defect exists, that Hyundai was aware of it, and/or that Hyundai's agents told some customers that the brake problems should be covered by its warranties – are based only on information and belief.

"[W]hen the 'most significant contentions' are made on 'information and belief' plaintiffs will fail to set forth a cause of action under [Section] 349." *Woods v. Maytag Co.*, 2010 U.S. Dist. LEXIS 116595 at *43 (E.D.N.Y. 2010), *quoting Tinlee Enters., Inc. v. Aetna Cas. & Sur. Co.*, 834 F. Supp. 605, 610 (E.D.N.Y. 1993). *See also Weaver v. Chrysler Corp.*, 1997 U.S. Dist. LEXIS 3769 at *7 (S.D.N.Y. 1997). As such, "general references to advertisements and statements will not be sufficient to allege a deceptive act or practice." *Woods*, 2010 U.S. Dist. LEXIS 116595 at *44-*45.

Plaintiff's Section 349 claim is based solely upon "information and belief" allegations concerning generalized statements which may or may not have been made by defendant's agents,

and which are unsupported by any particularized statements of fact. As such, that claim is insufficiently stated and is therefore dismissed.[1]

## II.  Plaintiff's Breach of Express Warranty Claim

Defendant argues that plaintiff cannot simultaneously alleged both breach of the limited warranty and a design defect in the brakes, as the limited warranty explicitly excludes design defects from its scope.

A claim of breach of express warranty requires proof that such a warranty existed, that it was breached, and that plaintiff relied upon it. Here, plaintiff purports to allege a defect arising from faulty materials and workmanship, which may or may not have arisen from Hyundai's design, and which together may be found to fall under the category of "materials and workmanship" covered by Hyundai's limited warranty.

Construing the complaint liberally, the plaintiff's allegations are sufficiently broad to support the "defect in materials and workmanship" interpretation championed by plaintiff. Plaintiff alleges, inter alia, that the braking system's rotors are too thin and that the calipers contain a pin and/or guide which was not galvanized or made to be anti-corrosive, causing premature deterioration of the braking system. Whether these alleged defects arose from a faulty design, faulty materials or faulty workmanship cannot be ascertained absent discovery, since any information concerning the true origin of the alleged defect is within the sole possession of the defendant. I therefore decline to dismiss plaintiff's breach of express warranty claim at this juncture.

---

[1] Plaintiff conceded at oral argument on the motion that she was withdrawing the claim under Section 350 of the New York General Business Law.

### III.     Plaintiff's Breach of Implied Warranty and Breach of Contract Claims

With regard to plaintiff's breach of implied warranty and breach of contract claims , plaintiff has failed to allege sufficient privity with the defendant, which is an essential prerequisite of both claims where, as here, the plaintiff is not pursuing a personal injury claim. *See e.g.*, *Cali v. Chrysler Group LLC*, 2011 U.S. Dist. LEXIS 5220 at *10 (S.D.N.Y. 2011) ("[i]t is now settled that no implied warranty will extend from a manufacturer to a remote purchaser not in privity with the manufacturer where only economic loss and not personal injury is alleged"), *quoting Lexow & Jenkins, P.C. v. Hertz Commercial Leasing Corp.*, 122 A.D.2d 25, 26 (2d Dep't 1986).  It is undisputed that plaintiff's vehicle was not purchased from the defendant, but from an independent Hyundai dealer.

Plaintiff argues that there is an exception under New York law to the privity requirement respecting implied warranties for "things of danger."  *See e.g.*, *Hubbard v. General Motors Corp.*, 1996 U.S. Dist. LEXIS 6974 at *16 (S.D.N.Y. 1996).  Although the case law supporting such an exception has been inconsistently applied, even assuming *arguendo* that such an exception could be used here, brakes which function properly and simply wear out faster than might otherwise be expected are not inherently a "thing of danger."  So long as the brakes are effective at stopping the vehicle and provide the usual forewarnings when they begin to wear out (such as squealing, which plaintiff alleges they did), they do not present a danger to consumers. Indeed, plaintiff makes no allegation that her brakes posed any danger not associated with all brakes as they wear out, or caused any injury, to her or to others.

In any event, "[t]he weight of authority, from courts across the country, indicates that plaintiffs may not recover for breach of implied warranty of merchantability" for vehicles which are, as here, minimally "fit for the ordinary purpose of providing basic transportation," and which "satisfy a minimum level of quality," even if they fail to perform "exactly as the buyer expected." *Sheris v. Nissan North America, Inc.*, 2008 U.S. Dist. LEXIS 43664 at *15-*16 (D. N.J. 2008).

Plaintiff's breach of implied warranty and breach of contract claims are therefore dismissed.

## IV. Plaintiff's Unjust Enrichment Claim

Defendant alleges that plaintiff cannot simultaneously allege a contractual breach (e.g., breach of Hyundai's express warranty), and unjust enrichment, which is a quasi-contract claim. It is well settled that where a valid warranty governs the subject matter of a suit, a plaintiff cannot recover in quasi-contract, and it is appropriate to dismiss an unjust enrichment claim.

Regardless of whether the brake defect described by plaintiff is ultimately found to be a design defect or a materials and workmanship defect, it is clearly part of the subject matter covered (by express inclusion or exclusion) by Hyundai's written limited warranty, as alleged by plaintiff in her breach of express warranty claim.  Having chosen to sue for breach of warranty, plaintiff cannot plead an alternative quasi-contract claim in the hopes of modifying the terms of that warranty.  *See In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 863 (S.D.Ohio 2012) ("[c]ourts interpreting New York state law have found that, in cases involving allegedly defective products, express warranties cover the subject matter at issue and an unjust enrichment claim does not lie"), *citing Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 485-486 (E.D.N.Y. 2011). Plaintiff's unjust enrichment claims is therefore dismissed.

## V. Defendant's Motion to Dismiss Paragraph 27 of the Complaint Pursuant to Fed. R. Civ. Proc. 12(f)

Paragraph 27 of the complaint quotes anonymous online postings on message boards, purportedly made by owners of Hyundai Santa Fes, relative to the brake problem alleged by plaintiff, and Hyundai's alleged knowledge of it.  Hyundai requests that this paragraph be stricken from the complaint under Fed. R. Civ. Proc. 12(f), which provides for the striking of any "redundant, immaterial, impertinent, or scandalous matter" from a pleading.  Hyundai

characterizes the paragraph in question as conveying inadmissible, unreliable, unverifiable hearsay from unidentifiable sources, which has no bearing on the plaintiff's claims.

While the inherent unreliability of online postings puts their ultimate admissibility into question, the information contained in paragraph 27 is at least marginally relevant to the plaintiff's claim that Hyundai had notice of the alleged defect. Because the allegations contained in paragraph 27 are not entirely irrelevant, unduly scandalous or sufficiently damaging to cause any real prejudice to Hyundai, I decline to order the paragraph stricken from the complaint.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Dkt. #11) is granted in part and denied in part. Plaintiff's claims under the N.Y. Gen. Bus. Law and claims of breach of implied warranty, breach of contract, and unjust enrichment are dismissed. Only plaintiff's claim for breach of express warranty survives. Defendant's motion to strike paragraph 27 of the complaint (Dkt. #10) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 10, 2013.