**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ANNE MARIE HAAG, both individually and on behalf of a class of all others similarly situated, | : : : | |
| Plaintiff, | : | Case No. 6:12-cv-06521-DGL |
| | : : | |
| v. | : : | |
| HYUNDAI MOTOR AMERICA, | : : | |
| Defendant. | : : : | |
| | : | |

**HYUNDAI MOTOR AMERICA'S ANSWER TO THE AMENDED CLASS
ACTION COMPLAINT**

Defendant Hyundai Motor America ("HMA") hereby responds to the Amended Class

Action Complaint ("Complaint") of plaintiff Anne Marie Haag as follows:

The unnumbered introductory paragraph of the Complaint consists of plaintiff's

characterization of the basis of this action, to which no response is required.  To the extent a

response is nonetheless deemed to be required, HMA denies the allegations set forth in this

paragraph.

For ease of reference, HMA follows the same headings and format used by plaintiff in the

Complaint.  HMA's use of such headings is in no way an admission of their contents or

accuracy.

**<u>SUMMARY OF THE ACTION</u>**

1.      To the extent that Paragraph 1 of the Complaint consists of plaintiff's

characterization of this action, no response is required.  To the extent a response is nonetheless

deemed to be required, HMA denies the allegations set forth in paragraph 1.  HMA specifically

denies that the Model Year 2007 through Model Year 2012 Hyundai Santa Fe vehicles

(hereinafter referred to as the "Vehicles") contain the alleged defect.

     2.      HMA denies the allegations set forth in paragraph 2.  HMA specifically denies

that the Vehicles contain the alleged defect.

     3.      HMA denies the allegations set forth in paragraph 3, and specifically denies that

the Vehicles contain the alleged defect.

**The Warranty Provisions**

     4.      HMA denies the allegations set forth in paragraph 4, which purports to

characterize the terms of the express warranty "for the 2008 Santa Fe."  The express warranty

speaks for itself.

     5.      HMA denies the allegations set forth in paragraph 5, and specifically denies that

the Vehicles contain the alleged defect.

     6.      HMA denies the allegations set forth in paragraph 6, and specifically denies that

the Vehicles contain the alleged defect.

<b>PARTIES</b>

     7.      Paragraph 7 consists of plaintiff's characterization of this action, to which no

response is required.  To the extent a response is nonetheless deemed to be required, HMA

admits that plaintiff has filed an action against HMA that purports to be a putative class action.

HMA denies that this action may be properly certified as a class action and HMA denies any

liability whatsoever to plaintiff and the putative class.

     8.      HMA lacks knowledge and information sufficient to form a belief as to the truth

of the allegations set forth in paragraph 8, and, on that basis, denies them.

9.     HMA lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and, on that basis, denies them.

10.     HMA admits the following:  that HMA is not a NY corporation; that HMA's principal place of business is located in California; that HMA does business in the state of New York; that HMA does not contest receiving service of process in this action; that it markets and sells Hyundai motor vehicles under the Hyundai brand name in the state of New York and elsewhere; that it marketed and sold 2007 model year through 2012 model year Santa Fe vehicles in the state of New York and elsewhere; that Hyundai motor vehicles are sold to the public through Hyundai dealers, which are independent corporate entities that market and sell Hyundai motor vehicles; and that there are multiple Hyundai dealers located in the state of New York. Except as stated, the allegations set forth in paragraph 10 are denied.  HMA specifically denies that it designs and manufactures Hyundai motor vehicles.  HMA also denies that it sells motor vehicles directly to the general public.

## JURISDICTION AND VENUE

11.     HMA admits that this Court has subject matter jurisdiction over this action and that HMA conducts business in the state of New York.  HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in and is a citizen of New York.  Except as expressly stated, HMA denies the allegations set forth in paragraph 11.

12.     HMA admits the following:  that this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, that plaintiff has alleged that she is a citizen of New York, that HMA is not a citizen of New York, and that the amount in controversy exceeds $5,000,000.  Except as expressly stated, HMA denies the allegations set forth in paragraph 12.

13.    HMA admits that venue is proper in this District.  Except as expressly stated, Defendant denies the allegations set forth in paragraph 13, and specifically denies that it sold defective vehicles.

## UNCONSCIONABILITY AND UNENFORCEABILITY
## OF ANY ARBITRATION CLAUSE

14.    The allegations set forth in the first and last sentences of paragraph 14 constitute legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in the first and last sentences of paragraph 14.  HMA denies the allegations set forth in the second and third sentences of paragraph 14.

## FACTUAL BACKGROUND AND SUBSTANTIVE ALLEGATIONS

**Plaintiff's Factual Allegations**

15.    HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15, and, on that basis, denies them.

16.    HMA denies the allegations set forth in paragraph 16, and specifically denies making any representations apart from those set forth in the express warranty.

17.    HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17, and, on that basis, denies them.

18.    HMA denies the allegations set forth in paragraph 18.  HMA notes that Hyundai dealers are independent corporate entities.

19.    HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19, and, on that basis, denies them.

20.    HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20, and, on that basis, denies them.

21.     HMA denies the allegations set forth in paragraph 21, and specifically denies that the Vehicles contain the alleged defect.

**Defendant Hyundai's Conduct**

22.     HMA denies the allegations set forth in paragraph 22, and specifically denies that the Vehicles contain the alleged defect.

23.     HMA denies the allegations set forth in paragraph 23.

24.     HMA denies the allegations set forth in paragraph 24, and specifically denies that the Vehicles contain the alleged defect.

25.     HMA denies the allegations set forth in paragraph 25, and specifically denies that the Vehicles contain the alleged defect.

26.     In response to the allegations set forth in paragraph 26, HMA states that any HMA service or maintenance guide speaks for itself.  Except as stated, HMA denies the allegations set forth in paragraph 26.

27.     HMA denies the allegations set forth in paragraph 27, and specifically denies that the Vehicles contain the alleged defect.

28.     HMA denies the allegations set forth in paragraph 28, and specifically denies that the Vehicles contain the alleged defect.

29.     HMA denies the allegations set forth in paragraph 29, and specifically denies that the Vehicles contain the alleged defect.

(a) HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in subparagraph (a) to paragraph 29 and, on that basis, denies them.

(b)   HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in subparagraph (b) to paragraph 29 and, on that basis, denies them.

(c)   HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in subparagraph (c) to paragraph 29 and, on that basis, denies them.

(d)   HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in subparagraph (d) to paragraph 29 and, on that basis, denies them.

(e)   HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in subparagraph (e) to paragraph 29 and, on that basis, denies them.

(f)   HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in subparagraph (f) to paragraph 29 and, on that basis, denies them.

(g)   HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in subparagraph (g) to paragraph 29 and, on that basis, denies them.

(h)   HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in subparagraph (h) to paragraph 29 and, on that basis, denies them.

(i)  HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in subparagraph (i) to paragraph 29 and, on that basis, denies them.

30.     HMA denies the allegations set forth paragraph 30.

31.     HMA denies the allegations set forth in paragraph 31, and specifically denies that the Vehicles contain the alleged defect.

32.     HMA admits that a Defect Information Report, dated November 29, 2010, was submitted to NHTSA regarding a voluntary recall of 2011 model year Hyundai Santa Fe vehicles regarding a condition found in certain rear brake calipers.  This Defect Information Report speaks for itself.  Except as stated, HMA denies the allegations set forth in paragraph 32.

## CLASS ACTION ALLEGATIONS

33.     The allegations set forth in paragraph 33 are plaintiff's request for class certification and proposed class definition to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies that this action may be maintained as a class action, that the proposed class definition identifies an ascertainable class, and denies any factual allegations contained therein.

34.     Paragraph 34 sets forth plaintiff's proposed class definition to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies that this action may be maintained as a class action, that the proposed class definition identifies an ascertainable class, and denies any factual allegations contained therein.

## NUMEROSITY

35.     Paragraph 35 sets forth legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in paragraph 35.

## COMMON QUESTIONS OF LAW AND FACT

36.     Paragraph 36 sets forth legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in paragraph 36.

37.     Paragraph 37 sets forth legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in paragraph 37, including each discrete subparagraph (a) – (j).

## TYPICALITY

38.     Paragraph 38 sets forth legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in paragraph 38, and specifically denies that the Vehicles contain the alleged defect.

## ADEQUACY OF REPRESENTATION

39.     Paragraph 39 sets forth legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39, including each discrete subparagraph (a) – (b) and, on that basis, denies them.

**PREDOMINANCE**

40.     Paragraph 40 sets forth legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in paragraph 40.

**SUPERIORITY**

41.     Paragraph 41 sets forth legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in paragraph 41, including each discrete subparagraph (a) – (e).

**ESTOPPEL FROM PLEADING AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS**

42.     HMA re-states and incorporates by reference its responses to the allegations made in the preceding paragraphs 1 through 41.

43.     Paragraph 43 sets forth legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in paragraph 43.

**FIRST CAUSE OF ACTION**
**(Deceptive Trade Practices)**
**(Violation of General Business Law Section 349 Deceptive Acts and Practices)**

44.     HMA re-states and incorporates by reference its responses to the allegations made in the preceding paragraphs 1 through 43.

45.     Paragraph 45 sets forth plaintiff's characterization of this action to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA admits that plaintiff asserts her first cause of action on behalf of herself and a putative class. HMA denies that this action may be properly certified as a class action and HMA further denies any liability whatsoever to plaintiff and the putative class.

46.     HMA denies the allegations set forth in paragraph 46, and specifically denies that the Vehicles contain the alleged defect.

47.     HMA denies the allegations set forth in paragraph 47, and specifically denies that the Vehicles contain the alleged defect.

48.     HMA denies the allegations set forth in paragraph 48, including each discrete subparagraph (a) – (f), and specifically denies that the Vehicles contain the alleged defect.

49.     HMA denies the allegations set forth in paragraph 49, and specifically denies that the Vehicles contain the alleged defect.

50.     HMA denies the allegations set forth in paragraph 50.

51.     HMA denies the allegations set forth in paragraph 51.

52.     HMA denies the allegations set forth in the first two sentences of paragraph 52. The allegations set forth in the third sentence of paragraph 52 constitute legal conclusions to which no response is required.  Except as expressly stated, HMA denies the allegations set forth in paragraph 52, and denies that HMA has any liability pursuant to New York's consumer fraud statute.

53.     HMA denies the allegations set forth in paragraph 53.

54.     HMA denies the allegations set forth in paragraph 54.  HMA specifically denies that the Vehicles contain the alleged defect or that HMA has any liability whatsoever to plaintiff or the putative class.

55.     Paragraph 55 sets forth plaintiff's request for relief to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in paragraph 55.  HMA specifically denies that the Vehicles contain the alleged defect or that HMA has any liability whatsoever to plaintiff or the putative class.

## SECOND CAUSE OF ACTION
### (Breach of Express Warranty)

56.     HMA re-states and incorporates by reference its responses to the allegations made in the preceding paragraphs 1 through 55.

57.     Paragraph 57 sets forth plaintiff's characterization of this action to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA admits that plaintiff asserts her second cause of action on behalf of herself and a putative class. HMA denies that this action may be properly certified as a class action and HMA further denies any liability whatsoever to plaintiff and the putative class.

58.     HMA denies the allegations set forth in paragraph 58, which purports to characterize the terms of the express warranty.  The express warranty speaks for itself.

59.     HMA denies the allegations set forth in paragraph 59, which purports to characterize the terms of the express warranty.  The express warranty speaks for itself.

60.     HMA denies the allegations set forth in paragraph 60, and specifically denies that the Vehicles contain the alleged defect.  HMA further states that the express warranty speaks for itself.

61.     HMA denies the allegations set forth in paragraph 61, and specifically denies that the Vehicles contain the alleged defect.  HMA further states that the express warranty speaks for itself.

62.     HMA denies the allegations set forth in paragraph 62, and specifically denies that the Vehicles contain the alleged defect.

63.     HMA denies the allegations set forth in paragraph 63, and specifically denies that the Vehicles contain the alleged defect.

64.     HMA denies the allegations set forth in paragraph 64, and specifically denies that the Vehicles contain the alleged defect.

65.     HMA denies the allegations set forth in paragraph 65, and specifically denies that the Vehicles contained the alleged defect.

### THIRD CAUSE OF ACTION
**(Declaratory Judgment for Declaratory Relief Subclass)**

66.     HMA re-states and incorporates by reference its responses to the allegations made in the preceding paragraphs 1 through 65.

67.     Paragraph 67 sets forth plaintiff's characterization of this action to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA admits that plaintiff asserts her third cause of action on behalf of herself and a putative class. HMA denies that this action may be properly certified as a class action and HMA further denies any liability whatsoever to plaintiff and the putative class.

68.     Paragraph 68 sets forth legal conclusions to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in paragraph 68, and specifically denies that the Vehicles contain the alleged defect.

69.     Paragraph 69 sets forth plaintiff's request for relief to which no response is required.  To the extent a response is nonetheless deemed to be required, HMA denies the allegations set forth in paragraph 69.

### PRAYER FOR RELIEF

Answering the "WHEREFORE" paragraph of plaintiff's prayer for relief, HMA denies that it is liable to plaintiff or to any putative class member in any manner whatsoever, and it denies each and every allegation of the paragraph separately and severally to the extent said

allegations assert or imply any wrongdoing by HMA.  HMA further denies that plaintiff or any

putative class members are entitled to any relief set forth in subparagraphs 1 through 9.

Except to the extent an allegation has been expressly admitted herein, HMA denies each

and every allegation set forth in the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, HMA asserts the

following Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint and each claim contained therein fail to state claims upon which relief can

be granted.

## SECOND AFFIRMATIVE DEFENSE
(No standing)

Plaintiff's claims and the claims of the putative class members are barred to the extent

plaintiff and the putative class members lack standing to assert claims against HMA.

## THIRD AFFIRMATIVE DEFENSE
(No Damages or Injury)

Plaintiff's claims and the claims of the putative class members are barred to the extent

plaintiff and the putative class members did not sustain any actual or legally cognizable injury.

## FOURTH AFFIRMATIVE DEFENSE
(No Proximate Causation)

Plaintiff and the putative class members cannot recover against HMA to the extent that

no action or inaction by HMA was the proximate cause of any damages, assuming such damages

exist.

## FIFTH AFFIRMATIVE DEFENSE

(Intervening and/or Superseding Cause)

In the event that plaintiff and the putative class members have sustained damages as alleged in the Complaint, which HMA denies, discovery or investigation may reveal that plaintiff's claims and the claims of the putative class members are barred in whole or in part by intervening and/or superseding cause, including the conduct of third parties.

## SIXTH AFFIRMATIVE DEFENSE
(Misuse or Alteration)

In the event that plaintiff and the putative class members have sustained damages as alleged in the Complaint, which HMA denies, discovery or investigation may reveal that plaintiff's claims and the claims of the putative class members are barred in whole or in part by misuse, abuse, modification, or alteration of the Vehicles at issue.

## SEVENTH AFFIRMATIVE DEFENSE
(Contributory and/or Comparative Negligence and/or Assumption of Risk)

In the event that plaintiff and the putative class members have sustained damages as alleged in the Complaint, which HMA denies, discovery or investigation may reveal that plaintiff's claims and the claims of the putative class members are barred or reduced in whole or in part by the doctrines of contributory or comparative negligence/fault and/or proportionate responsibility and/or assumption of risk.

## EIGHTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

In the event that plaintiff and putative class members have sustained damages as alleged in the Complaint, which HMA denies, discovery or investigation may reveal that plaintiff's claims and the claims of the putative class members are barred or reduced in whole or in part to the extent that plaintiff or the putative class members failed to mitigate any damages allegedly sustained.

## NINTH AFFIRMATIVE DEFENSE
(Economic Loss Doctrine)

Plaintiff's claims and the claims of any putative class members are barred in whole or in part by the economic loss doctrine.

## TENTH AFFIRMATIVE DEFENSE
(Federal Preemption)

Plaintiff's claims and the claims of any putative class members are preempted, in whole or in part, by federal statutes and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE
(Primary Jurisdiction)

Plaintiff's claims and the claims of any putative class members are barred in whole or in part because the United States Department of Transportation and the National Highway Traffic Safety Administration ("NHTSA") have primary jurisdiction over the matter that is the subject of the Complaint and plaintiff and the putative class members have failed to exhaust administrative procedures available to them.

## TWELFTH AFFIRMATIVE DEFENSE
(Res Judicata)

Plaintiff's claims and the claims of any putative class members may be barred in whole or in part by the doctrine of res judicata, collateral estoppel, or claim preclusion.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Accord and Satisfaction)

Plaintiff's claims and the claims of any putative class members may be barred by the doctrines of accord and satisfaction, payment, release, and/or discharge.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Arbitration)

The claims of plaintiff and/or members of the putative class may be barred, in whole or in part, to the extent that the claims asserted have been submitted to arbitration.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Statute of Limitations and/or Repose)

Plaintiff's claims and the claims of any putative class members may be barred in whole or in part by the applicable statutes of limitations and/or repose.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Laches)

Plaintiff's claims and the claims of any putative class members may be barred in whole or in part by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Unclean Hands, Estoppel and/or Waiver)

Plaintiff's claims and the claims of any putative class members are barred in whole or in part by the doctrines of unclean hands, estoppel, and/or waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Failure to Satisfy Fed. R. Civ. P. 23)

Plaintiff's claims and the claims of any putative class members are barred in whole or in part because they cannot satisfy all of the requirements for maintaining a class action under Fed. R. Civ. P. 23 and certification of the proposed class would result in a denial of due process to HMA and the putative class members.

## NINETEENTH AFFIRMATIVE DEFENSE
(Failure to Give Timely Notice)

Plaintiff's claims and the claims of any putative class members are barred in whole or in

part by their failure to give proper or timely notice and/or their failure to present their vehicles in a timely fashion to an authorized HMA dealer for repair of the alleged defect.

## TWENTIETH AFFIRMATIVE DEFENSE
(Punitive Damages)

Plaintiff's request for punitive damages fails to state a claim upon which relief can be granted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
(Punitive Damages)

Plaintiff's request for punitive damages is barred by HMA's right to due process under the 5th and 14th Amendments to the United States Constitution and Article I, Section 6 of the New York State Constitution; the Eighth Amendment of the United States Constitution and Article I, Section 5 of the New York State Constitution barring excessive fines; and Article 1, Section 10 of the United States Constitution barring the impairment of contracts and other laws.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
(Additional Defenses—Putative Class Members)

HMA reserves the right to interpose any and all defenses available to it under federal and state law which may be later found applicable to this action once the identities and residence of the putative class members are known, and/or that may be established during discovery and by the evidence in this case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
(Additional Defenses)

HMA hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves the right to amend its Answer to assert any such defense.

Wherefore, having fully answered and defended, HMA prays for judgment as follows:

A.   That plaintiffs take nothing by or under their Complaint;

B.   That no class be certified as to any of the claims made in plaintiff's Complaint;

C.   That judgment be entered for HMA and against plaintiff on each and every claim set forth in plaintiff's Complaint;

D.   That HMA recover its costs of suit; and

E.   For such other and further relief as the Court deems just and proper.

DATED:   May 28, 2014                       Respectfully submitted,
         Buffalo, New York
                                            GIBSON, MCASKILL & CROSBY


                                            By: /s/ Brian P. Crosby
                                                Brian P. Crosby, Esq.
                                                Timothy J. Graber, Esq.
                                                GIBSON, MCASKILL & CROSBY
                                                69 Delaware Avenue, Suite 900
                                                Buffalo, New York 14202-3866
                                                Telephone: (716) 856-4200
                                                Facsimile: (716) 856-4013
                                                E-mail: bcrosby@gmclaw.com
                                                tgraber@gmclaw.com

                                                Michael L. Kidney, Esq.*
                                                HOGAN LOVELLS US LLP
                                                555 Thirteenth Street, N.W.
                                                Washington, DC 20004
                                                Telephone: (202) 637-5600
                                                Facsimile: (202) 637-5910
                                                E-mail: michael.kidney@hoganlovells.com
                                                (*admitted pro hac vice)

                                                *Attorneys for Defendant Hyundai Motor America*