UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNE MARIE HAAG, on behalf of themselves
and all others similarly situated,

                                                              DECISION AND ORDER

                           Plaintiff,

                                                              12-CV-6521L

                    v.

HYUNDAI MOTOR AMERICA,

                           Defendant.
_____

Plaintiff brings this action pursuant to New York State law on behalf of a putative class of car buyers. Plaintiff alleges that defendant Hyundai Motor America breached the terms of an express service warranty, and misrepresented or omitted material facts about an alleged vehicle defect at the time she purchased her 2009 Hyundai Santa Fe. The matter was removed from New York Supreme Court, Monroe County to this Court on September 27, 2012 (Dkt. #1), pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) et seq. ("CAFA").[1] Defendant now moves for summary judgment dismissing the complaint pursuant to Fed. R. Civ. Proc. 56. (Dkt. #81). For the reasons that follow, that motion is granted in part, and denied in part.

---

[1] CAFA grants federal courts jurisdiction over proposed class actions where the amount in controversy exceeds five million dollars, there is complete diversity of citizenship between all of the defendants and at least one member of the class, and the proposed class contains at least one hundred potential members. 28 U.S.C. §1332(d)(2)(A), (d)(5)(B).

## DISCUSSION

**I.     Standard of Review on a Motion for Summary Judgment**

It is well settled that a motion for summary judgment should be granted only where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. Proc. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When ruling on a motion for summary judgment, the court must construe the alleged facts in the light most favorable to the nonmovant. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element...necessarily renders all other facts immaterial." *Celotex*, 477 U.S. 317 at 323. Thus, on those issues on which the nonmoving party bears the ultimate burden of proof, it is his or her responsibility to confront the motion for summary judgment with evidence in admissible form. *Anderson*, 477 U.S. 242 at 256.

**II.    Plaintiff's Breach of Express Warranty Claim**

Plaintiff initially claims that defendant breached its obligations to repair or replace her vehicle's brakes, under the terms of the Limited Warranty (the "Warranty") that accompanied her purchase of a 2009 Hyundai Santa Fe. The Warranty states in relevant part:

> **BRAKE DRUM, TURN OR REPLACE**
> 2002-2009            5 Years/60,000 Miles
>
> WHAT IS COVERED
> - Resurfacing drums or replacing drums if necessary, to meet specifications, unless otherwise prohibited by state or local laws.
>
> WHAT IS NOT COVERED [. . .]
> - Rust. [. . .]

**BRAKE PADS, LININGS**
2000-2009     1 Year/12,000 Miles

WHAT IS COVERED
- Defects in factory workmanship or materials.
- Replacement due to related warrantable defects such as rotors.

WHAT IS NOT COVERED
- Replacement of worn brake pads/linings.
- Normal wear is considered a Customer Maintenance item.

**BRAKE ROTOR, TURN OR REPLACE**
2000-2009     5 Years/60,000 Miles

WHAT IS COVERED
- Resurfacing rotors or replacing rotors if necessary, to meet specifications, unless otherwise prohibited by state or local laws.

WHAT IS NOT COVERED
- Damage to rotor caused by brake pad wear.
- Overheating of brakes.
- Rust, overcutting.

Dkt. #106-1, Exh. 1 at HMAH_001441.

Defendant argues that plaintiff's breach of express warranty claim must be dismissed, because the particular defects that plaintiff alleges – braking systems with rotors that were too thin and/or caliper pins that were not galvanized or otherwise sufficiently anti-corrosive to avoid "premature" rusting – are, as a matter of law, "design" defects not covered by the Warranty, and not "[d]efects in factory workmanship or materials." Plaintiff disagrees, arguing that at the very least, there is a question of fact as to whether the alleged brake defects might be more appropriately characterized as manufacturing defects, rather than as design defects.

Under New York law, "a manufacturing defect . . . results when a mistake in manufacturing renders a product that is ordinarily safe dangerous so that it causes harm," while "a design defect . . . results when the product as designed is unreasonably dangerous for its intended use." *McCarthy v. Olin Corp.*, 119 F.3d 148, 154-55 (2d Cir. 1997). It is well settled that where, as

here, a warranty protects against defects in "materials or workmanship," the warranty covers manufacturing defects, but not design defects. *Miller v. Hyundai*, 2017 U.S. Dist. LEXIS 161729 at \*11-\*12 (S.D.N.Y. 2017). *See also Catalano v. BMW of North America, LLC*, 167 F. Supp. 3d 540, 545-55 (S.D.N.Y. 2016) (citing *Garcia v. Chrysler Gp. LLP*, 127 F. Supp. 3d 212 at 227-28 (S.D.N.Y. 2015)).

As such, where a plaintiff makes only "conclusory references to manufacturing defects," and instead relies on allegations and/or evidence that the claimed defects are common to an entire class of vehicles based on their design, rather than the result of an error in the manufacturing process, the plaintiff's claim is more appropriately characterized as a design defect claim, and plaintiff cannot prevail on an express warranty claim concerning materials and workmanship. *Catalano*, 167 F. Supp. 3d 430 at 555. *See generally Denny v. Ford Motor Co.*, 87 N.Y.2d 248, 257 n.3 (1995) (design defects result "from an intentional decision by the manufacturer to configure the product in a particular way," whereas manufacturing defects result from the "product's failure to perform in the intended manner due to some flaw in the fabrication process.")

Here, it appears undisputed that the components of the brake system for plaintiff's vehicle were intentionally chosen by defendant for use throughout the Santa Fe product line. Plaintiff makes no plausible claim, and offers no evidence, that their inclusion in plaintiff's vehicle was the result of a mistake or fabrication flaw. To the contrary, plaintiff specifically claims that the entire 2007-2012 Santa Fe product line suffered from the same defect (premature corrosion of the braking system), resulting from the intentional use of inferior or defective materials. Plaintiff simply urges the Court to depart from recent precedent and find that a design defect resulting from an "intentional selection of defective materials [is] as violative of the Warranty and covered

4

thereunder as much as a negligent or inadvertent one." (Dkt. #103 at 27). Bound as it is by well-settled precedent and finding no flaw therein, the Court declines to depart from it.

As such, plaintiff's claims that the entire Santa Fe product line, as designed, contained a defective rear braking system, are appropriately viewed as design defect claims rather than manufacturing defect claims. They are therefore not covered by the express terms of the Warranty, and fail as a matter of law.

### III. Plaintiff's New York General Business Law §349 Consumer Protection Claim

N.Y. Gen. Bus. Law §349 prohibits misleading business practices which harm consumers, and requires pleading and proof of three elements: (1) that an act or practice was consumer-oriented; (2) that it was misleading in a material respect; and (3) that the plaintiff was injured thereby. *See Maurizio v. Goldsmith*, 230 F.3d 518, 522 (2d Cir. 2000). *See also Catalano*, 167 F. Supp. 3d 540 at 561-62.

Plaintiff contends that defendant concealed, or at least omitted, information concerning the alleged brake system defect in her vehicle at the time of purchase.[2] Plaintiff avers that she was not informed of the likelihood of premature corrosion in her braking system, or the lack of Warranty coverage for premature corrosion, at or around the time of her vehicle purchase. Plaintiff avers that this omission was material, in that no reasonable customer – plaintiff included – would have purchased a Santa Fe if they had been informed about the defect and/or the fact that it would not be covered by the Warranty. Plaintiff alleges that she was injured when defendant denied Warranty coverage for repair and replacement of the defective brake system parts in her vehicle, causing plaintiff to incur out of pocket costs of $438.58.

---

[2] Plaintiff also argues that discovery is incomplete and that, for example, defendant has not disclosed failure rates for the parts at issue. Because I find that there are questions of fact as to plaintiff's consumer protection claim in any event, there is no need to assess the sufficiency of discovery at this juncture.

5

I find that multiple questions of material fact preclude summary judgment on plaintiff's consumer protection claim. These include factual disputes concerning nearly every element of the claim, including: whether the brake parts at issue were actually defective; whether and to what extent defendant was aware of the defect; whether defendant concealed or omitted information concerning the defect and/or the scope of relevant Warranty coverage to plaintiff in connection with plaintiff's purchase of her vehicle; whether the omission of such information is material; and whether and to what plaintiff's damages are attributable to the concealment or omission of information by defendant, rather than to plaintiff's alleged failure to perform regular vehicle maintenance.

For example, first and foremost, the parties dispute whether the brakes on plaintiff's vehicle were defective: plaintiff contends that the brakes were prone to "premature" corrosion, while defendant contends that the brakes performed similarly to those of other vehicles driven in the same geographical area, under comparable weather and road conditions. Defendant also claims that plaintiff has failed to demonstrate that knowledge of premature brake corrosion would be material to a reasonable consumer (e.g., through use of surveys), while plaintiff claims that a defect in vehicle performance and quality is material to consumers as a matter of practical inference, or at least is "a question of fact for the jury." Plaintiff further claims that the brakes posed a safety issue which would naturally be material to consumer, while defendant disputes that premature rusting is a safety concern. (Dkt. #103 at 7, Dkt. #113 at 15). With regard to causation, plaintiff testified that she was never informed about the need to perform certain maintenance or pre-winterization on her vehicle's braking system, while defendant claims that plaintiff's Owner's Manual was incorporated by reference into the Warranty itself, and explicitly informed plaintiff of

6

the required maintenance in a manner sufficient to place her on notice of the need to perform regular brake servicing, and/or the risks of failing to do so. (Dkt. #103 at 26, Dkt. #113 at 6).

Because the facts material to plaintiff's N.Y. General Business Law §349 claim are largely in dispute, as matters now stand, resolution of that claim on a motion for summary judgment would be inappropriate.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (Dkt. #81) is granted in part, and denied in part. Plaintiff's breach of warranty claims are dismissed in their entirety, with prejudice. Only plaintiff's claim under N.Y. General Business Law §349 remains. Plaintiff's request for a declaratory judgment awarding injunctive relief is likewise denied, without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      March 26, 2018.