UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ANNE MARIE HAAG, on behalf of herself : 
and all others similarly situated, :
              Plaintiff, :   Case No. 6:12-cv-06521-DGL
              v. :
HYUNDAI MOTOR AMERICA, :
              Defendant. :

---------------------------------------------------------------x

**PLAINTIFF'S REPLY TO DEFENDANT HMA'S RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

    Plaintiff, Anne Marie Haag ("Plaintiff"), respectfully submits this brief reply to the Response of Defendant Hyundai Motor America's ("Defendant" or "HMA") to Plaintiff's Notice of Supplemental Authority.

    Defendant raises the unsupportable argument that Plaintiff has failed to demonstrate a classwide damages model.

    First, Defendant is wholly incorrect, as Plaintiff has asserted that, at minimum the cost of repair and replacement expenses should be reimbursed to those members of the class who have paid for such expenses out of pocket. These were the same damages that the Court in *Little v. Kia Motors America, Inc.*[1], a Hyundai related company, upheld based upon the trial testimony of Plaintiff's expert, R. Scott King, as to average cost of repairs. 455 N.J. Super. at 429, 190 A.3d

---

[1] 455 N.J. Super. 411, 190 A.3d 502 (N.J. Super. Court App. Div., July 18, 2018).

1

at 512.² This is clearly a merits issue. Upon certification of the class, it is simply a matter of Plaintiff obtaining, in a brief period of merits discovery, the average cost of repair (*e.g.*, Defendant's labor and parts schedule), for its merits expert on damages to calculate and opine for the jury, exactly as was done in the *Kia* matter.

Second, as Defendant fails to acknowledge, as was raised in Plaintiff's reply brief in support of class certification, where common issues of liability predominate, as they do here, a class should be certified by the Court and common issues as to liability should not be defeated due to challenges as to the merits argument of whether damages may be proven to the jury on a classwide basis. *E.g.*, See, Plaintiff's Reply Brief in Support of Class Certification, at pp. 16-17.³ See also, *Roach v T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (fact that damages may have to be ascertained on an individual basis was not a basis for denying class certification on grounds of predominance of common questions and was simply but "one factor that we [had to] consider in deciding whether issues susceptible to generalized proof 'outweigh' individual

---

² The Court held that damages are proper if "based on any reasonable method that places the class members in the position they would have been in if KMA had provided a car free of a defective brake system." And further noting that: "King based his class-wide model for damages on: actual brake repairs that Sephia owners had experienced, as evidenced by defendant's warranty repair documents; studies that defendant produced on the duration of brake pads and rotors in the Sephia; reports on defendant's efforts to improve the duration of the Sephia brake system; and testimony from defendant's executives on the brake system." *Id*. at 423, 190 A.3d at 514.

³ Plaintiff's Reply Brief stated in part:

"In essence, Plaintiff and the Class would have wanted to know when purchasing their vehicles that their brake components are made from defective materials that, in Salt Belt states like New York, will inevitably lead to premature corrosion, culminating in early failure. "Defendant fails to appreciate that *by deceiving the public alone* it would have committed a legal wrong against anyone who can prove that he was injured thereby." *Jermyn v. Best Buy Stores, L.P.*, 276 F.R.D. 167, 172-73 (S.D.N.Y. 2011) (emphasis added) ("Defendant's arguments on this motion persistently conflate the issues of liability, or legal injury, and damages."). Plaintiff and the Class would also have wanted to know that despite including rotors, calipers, brake sliders and clips under the warranty, HMA was excluding those parts in practice.

issues' when certifying the case as a whole [internal citations omitted]."); *Dover v Br. Airways, PLC (UK)*, 321 F.R.D. 49, 58 (E.D.N.Y. 2017), *lv to appeal denied*, 17-1121, 2017 WL 2590319 (2d Cir. June 14, 2017); *New Jersey Carpenters Health Fund v Royal Bank of Scotland Group, PLC,* 2016 WL 7409840, at *10 (S.D.N.Y. Nov. 4, 2016) ("The Court first notes that '[i]t is not necessary ... to resolve the detailed disputes over plaintiffs' damages model at the class certification stage. Indeed, plaintiffs do not even have a burden to produce a classwide damages model at this time.'" [quoting *In re Petrobras Sec. Litig.*, 312 F.R.D. 354, 372 (S.D.N.Y. 2016), *affd in part, vacated in part sub nom. In re Petrobras Sec.*, 862 F.3d 250 (2d Cir. 2017)]).

Third, Defendant fails to grasp the fact that, under New York GBL §349, if a consumer injury is suffered, the claim is sufficiently stated and statutory damages of $50 or actual damages, whichever is greater, may be awarded by the jury. See Plaintiff's Reply Brief, at pp. 17-19. Hence, a jury would be able to assess whether, because of the concealed information that Defendant hid from them, class members who were required to expend money for brake repairs, would be entitled to statutory damages of $50 based upon that consumer injury. See, *Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 551 (E.D.N.Y. 2017) (finding that "[t]he instant cases' battle of experts on price differential is largely beside the point. Once an injury is established, statutory damages can be precisely calculated for each class member."). At minimum, then, statutory damages provide a baseline set of damages for Plaintiff and the Class.

Finally, the jury may make a just and reasonable estimate of the damages based on relevant data, and render its verdict accordingly. In such circumstances "juries are allowed to act on probable and inferential as well as (upon) direct and positive proof. "Any other rule would enable the wrongdoer to profit by his wrongdoing at the expense of his victim. It would be an

inducement to make wrongdoing so effective and complete in every case as to preclude any recovery, by rendering the measure of damages uncertain." *Bigelow v RKO Radio Pictures*, 327 U.S. 251, 264-65, 66 S.Ct. 574, 580, 90 L.Ed. 652 (1946); *See also*, *Usher v Corbis-Sygma*, 320 Fed. Appx. 109, 111 (2d Cir. 2009) ("In *Grace,* we found that a factfinder is permitted to "make a ʻjust and reasonable estimate' of the damages caused, . . . and that an estimate should be based on "[r]elevant data." (internal citation omitted, quoting *Bigelow v. RKO Pictures*, 327 U.S. 251, 264)).

For the forgoing reasons, Plaintiff respectfully submits that the Notice of Supplemental Authority supports the granting of Plaintiff's Motion for Class Certification pending before the Court.

Dated: October 31, 2018

                                                         Respectfully submitted,

                                                         **KANTROWITZ, GOLDHAMER**
                                                           **& GRAIFMAN**

By:   /s/ Gary S. Graifman
        Gary S. Graifman, Esq.
        Jay Brody, Esq.
        747 Chestnut Ridge Road, Suite 200
        Chestnut Ridge, New York 10977
        Tel: (845) 356-2570

        **MIGLIACCIO & RATHOD LLP**
        Nicholas A. Migliaccio, Esq.
        Jason S. Rathod, Esq.*
        412 H Street N.E., Ste. 302
        Washington, DC 20002
        Tel: (202) 470-3520

        **WHITFIELD BRYSON & MASON LLP**
        Gary E. Mason, Esq.
        5101 Wisconsin Ave NW, Suite 305
        Washington, DC 20016
        Tel: (202) 429-2290

**LAW OFFICES OF ELMER ROBERT KEACH III, P.C.**
Elmer Robert Keach, III, Esq.
1040 Riverfront Center
P. O. Box 70
Amsterdam, NY  12010
Tel: (518) 434-1718

*Attorneys for Plaintiff and the Putative Class*