UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNE MARIE HAAG, on behalf of herself
and all others similarly situated,

DECISION AND ORDER

                              Plaintiff,

12-CV-6521L

              v.


HYUNDAI MOTOR AMERICA,

                              Defendant.

_____


        Plaintiff brings this action pursuant to New York State law on behalf of a putative class of

car buyers.  Plaintiff alleges that defendant Hyundai Motor America misrepresented or omitted

material facts about an alleged vehicle defect at the time she purchased her 2009 Hyundai Santa

Fe, in violation of N.Y. Gen. Bus. Law §349 ("Section 349").  This matter was removed from

New York Supreme Court, Monroe County to this Court on September 27, 2012 (Dkt. #1),

pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) et seq. ("CAFA").[1]  Pending before

the Court is a motion for certification of a class action pursuant to Fed. R. Civ. Proc. 23 (Dkt. #68).

        For the reasons that follow, plaintiff's motion to certify a class action under Fed. R. Civ.

Proc. 23 is denied.

---

[1] CAFA grants federal courts jurisdiction over proposed class actions where the amount in controversy exceeds five
million dollars, there is complete diversity of citizenship between all of the defendants and at least one member of the
class, and the proposed class contains at least one hundred potential members. 28 U.S.C. §1332(d)(2)(A), (d)(5)(B).

**FACTS**

Familiarity with the specifics of plaintiff's sole remaining claim, alleging consumer fraud pursuant to N.Y. Gen. Bus. Law §349, is presumed.[2]   In brief, plaintiff contends that she purchased a 2009 Hyundai Santa Fe from a Hyundai dealership, and that at the time of the purchase, the defendant was concealing or knowingly omitting information from consumers concerning an alleged brake system defect: rotor/caliper brake assemblies that corroded prematurely and were not covered by the vehicle's warranty.   Plaintiff further alleges that had she been informed of the alleged defect, she would not have purchased her 2009 Hyundai Santa Fe, and would not have incurred out of pocket expenses to replace portions of the vehicle's braking system.

**DISCUSSION**

**I.     Plaintiff's Motion for Fed. R. Civ. Proc. 23 Certification of a Class Action**

Plaintiff moves for certification of a class, generally defined as all persons (including corporations, partnerships, etc.) who purchased or leased a model year 2007-2012 Hyundai Santa Fe vehicle (the "Class Vehicle"), in the State of New York, from the defendant or from any related or affiliated entity.

Plaintiff bears the burden of establishing the four prerequisites of certification under Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) fair and adequate representation of the class.   Plaintiff must also qualify to pursue the class action under one of the subdivisions of Rule 23(b).   *See In re Initial Public Offering Sec. Litig.*, 471 F.3d 24, 51 (2d Cir. 2006); *Marisol*

---

[2] Plaintiff originally asserted claims for deceptive trade practices in violation of N.Y. General Business Law §349's consumer protection provisions, and for breach of express warranty, and sought declaratory relief with respect to the warranty claim.   *See* Amended Complaint, Dkt. #47.   On March 26, 2018, the Court granted a motion for summary judgment by defendant, in part, and dismissed plaintiff's warranty claims.   (Dkt. #124).   Only plaintiff's Section 349 claim remains.

*A. v. Giuliani*, 126 F.3d 372, 375-76 (2d Cir. 1997). In considering a class certification motion, the Court must accept the allegations in the complaint as true. *See Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 85 (S.D.N.Y. 2001) (internal quotation marks omitted). Although a court may consider material outside the pleadings to determine whether class certification is proper, it "*must not consider or resolve the merits of the claims* of the purported class." *Id.* (emphasis added). "The Second Circuit has emphasized that Rule 23 should be 'given liberal rather than restrictive construction,' . . . and 'it seems beyond peradventure that the Second Circuit's general preference is for granting rather than denying class certification.'" *Gortat v. Capala Bros.*, 257 F.R.D. 353 at 361-62 (E.D.N.Y. 2009). Nonetheless, the Court must undertake a "rigorous analysis" to determine whether the plaintiff has proven each prerequisite by a preponderance of the evidence. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Capital, Inc.*, 546 F.3d 196, 203 (2d Cir. 2008).

Plaintiff argues that the proposed class satisfies the requirements of Rule 23(a): numerosity, commonality, typicality and adequacy, as well as one of the requirements of Rule 23(b), that common issues predominate over individual ones. Fed. R. Civ. Proc. 23.

### A.    Numerosity

Plaintiff alleges that sales records, rear brake disc replacement orders, and customer complaints establish that "thousands" of New York consumers incurred out-of-pocket losses due to the need to repair or replace the allegedly defective brakes on Class Vehicles they had purchased or leased. Defendants concede that "[a]s of September 25, 2012, there were over 30,236" vehicles which could meet the class definition. (Dkt. #1 at ¶6(c)). Given that numerosity is generally presumed even for classes with as little as forty members, *Consolidated Rail Corp. v. Town of*

*Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995), the Court accordingly concludes that the numerosity factor is easily met.

### B.      Commonality

Commonality requires a showing that there are "questions of law or fact common to the class."   Fed. R. Civ. Proc. 23(a).

Proof of plaintiff's Section 349 claim requires evidence that: (1) defendant engaged in a deceptive act directed at consumers; (2) the act was misleading in a material way; and (3) the plaintiff (and/or the class) was injured as a result.   *See Oscar v. BMW of N. Am.*, 2011 U.S. Dist. LEXIS 62601 at *36 (S.D.N.Y. 2011).   Plaintiff argues that questions common to the class members include: (1) whether Hyundai knew the brakes on the Class Vehicles were defective, and omitted it from its disclosures to consumers; (2) whether the omission was material; and (3) whether class members were injured thereby.   The standard in determining whether a defendant's acts or omissions are materially misleading is "an objective one, requiring a plaintiff to show the act or omission was 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'"   *Daly v. Capital Mgmt. Servs., LP*, 2015 U.S. Dist. LEXIS 103253 at *10 (W.D.N.Y. 2015) (quoting *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009)).

While the likely difficulties the proposed class would encounter in demonstrating a defect, a widespread material omission and attendant damages, are manifest, they do not undermine commonality.   The Second Circuit has "instructed lower courts not to shy away from fully exploring whether each of the Rule 23 requirements ha[s] been met merely because such exploration would involve some merits analysis."   *Oscar*, 2011 U.S. Dist. LEXIS 62601 at *18 (quoting *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)).

Here, plaintiff has demonstrated that the claims asserted by each class member would share the common questions of whether the defendant was aware of a defect in the Class Vehicles, and whether it misled class members as to the existence of that defect in a manner which was material to them, causing damages. Given the commonality of these issues of fact and law for putative class members, the Court finds that plaintiff has demonstrated this element by a preponderance of the evidence.

### C.     Typicality

Typicality requires that the claims of the class representatives be typical of those in the class, and is satisfied where the class members' claims arise out of similar events, and will involve similar legal arguments. This does not demand "that the factual background of each named plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Caridad v. Metro-N. Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999). For the reasons discussed above with respect to commonality, I find that plaintiff's claim under Section 349 is sufficiently similar to that of the putative class, and will involve sufficiently similar legal arguments, to establish typicality.

### D.     Adequacy of Class Representative

Plaintiff contends that she is a fair and adequate class representative, given the commonality between her legal theory and that of the putative class members, and that class counsel is qualified and able to conduct the litigation. Defendant does not dispute this allegation, and based on the lack of any apparent conflict of interest or fundamental difference in legal posture between plaintiff and the class members, I find that the adequacy element has been satisfied.

**E.** **Rule 23(b)(3): Predomination of Common Questions of Law and Fact Over Individual Issues**

In addition to satisfying the threshold requirements of Fed. R. Civ. Proc. 23(a), plaintiff must also satisfy the more stringent requirements of one of the three alternative conditions of Fed. R. Civ. Proc. 23(b). Here, plaintiff contends that certification is appropriate under Fed. R. Civ. Proc. 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Proc. 23(b)(3).

Insofar as the types of questions of law and fact presented by plaintiff's Section 349 claim are concerned, it is well settled that where, as here, a plaintiff alleges a Section 349 claim based on an omission rather than an affirmatively deceptive statement, she need not show that "all members of the class were exposed to the same misrepresentations" or relied upon them. *Oscar*, 2011 U.S. Dist. LEXIS 62601 at *37 (quoting *Solomon v. Bell Atl. Corp.*, 9 A.D.3d 49 (N.Y. App. Div. 1ˢᵗ Dep't 2004)). *See also Dupler v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 57950 at *43-*44 (E.D.N.Y. 2008) (a plaintiff need not show *reliance* on misrepresentations to pursue a Section 349 claim). At the same time, the Court is cognizant that, "suits alleging defects '[in] motor vehicles often involve complicated issues of individual causation that predominate over common questions regarding the existence of a defect.'" *Marcus v. BMW of N. Am, LLC*, 687 F.3d 583, 604 (3d Cir. 2012) (quoting *Oscar*, 2011 U.S. Dist. LEXIS 62601 at *35-*36)).

In weighing these concerns, the Court remains mindful of the fact that it must avoid making findings concerning the instant claims on their merits. The plaintiff need not here establish, for example, that her claims of a braking system defect have merit. Rather, she must establish that the issues of law or fact that will need to be resolved in order for a factfinder to dispose of that

claim are ones that will predominantly be common to the class, rather than individual to each member.   On balance, I find that plaintiff has shown, by a preponderance of the evidence, that the existence (or lack thereof) of a defect in the Class Vehicle, the defendant's course of conduct with respect to disclosing the alleged defect (or not) to consumers, and the materiality of its alleged omissions, are issues for which common questions can, on the present record, be expected to predominate over individual ones.

However, the requirement that common questions predominate is not limited to liability: plaintiff must also demonstrate that common issues predominate with respect to the injuries allegedly suffered by the class members.[3]   On this point, I find that plaintiff has failed to make any such showing.

Initially, the Court observes that the only type of injury claimed by plaintiff on behalf of the putative class under Section 349 is the diminution in value of the Class Vehicles due to the alleged defect: in short, plaintiff alleges that due to defendant's failure to disclose information about the alleged defect, the class members were deprived of the benefit of their bargain, and paid more to purchase or lease their vehicles than they otherwise would or should have.[4]   Plaintiff has, however, produced no evidence that the Class Vehicles' market value was in fact diminished by

---

[3] Plaintiff has invited the Court to, in the alternative, certify a class under Fed. R. Civ. Proc. 23(c)(4) for liability purposes only.   The Court declines.   Plaintiff has made no showing that certification of a class for liability purposes would clearly and meaningfully advance the litigation, nor would bifurcating the instant case address the more fundamental problem that plaintiff is apparently unable to provide proof that the putative class members have suffered cognizable damages under a diminution in value/overpayment theory.

[4] Although plaintiff's submissions also refer to damages in the form of out-of-pocket costs for parts replacement, and allege that plaintiff would not have purchased her Class Vehicle at all had she been informed of the defect, certification on such grounds is inappropriate, given that deception alone is not grounds for an injury claim, and that individual issues would clearly predominate over class-wide issues with respect to any damages claims based upon repair and replacement of vehicle parts in individual vehicles.   *See Oscar*, 2011 U.S. Dist. LEXIS 62601 at *38; *Marcus*, 687 F.3d 583 at 606-607; *In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Practices Litig.*, 2015 U.S. Dist. LEXIS 133484 at *20 (S.D.N.Y. 2015).

the alleged brake defect, and/or that putative class members would have paid less for their Class

Vehicles had they been informed of the potential for premature brake system corrosion.

Plaintiff appears to concede the dearth of evidence on this issue, and asks the Court to

conclude, as a practical assumption, that persons buying or leasing the Class Vehicles naturally

"would have wanted to know" that their brakes might corrode more quickly than expected, and

that had they been informed of it, they would have demanded a reduction in the price of their

Hyundai Santa Fe vehicles, or else opted not to purchase or lease them.  (Dkt. #101 at 16-17).

The Court notes that overpayment/diminution in value is a theory plaintiff has not espoused prior

to the instant motion: it is not among the categories of damages alleged by plaintiff in her

pleadings, nor did plaintiff disclose it to defendants in her interrogatory answer specifying the

types of damages sought on behalf of herself and/or the class.

Nonetheless, even if the Court were inclined and empowered to conclude that mere

assumptions about potential consumer behavior could ever be a proper substitute for evidence of

a common injury, the finding plaintiff urges is simply too speculative.   All of the Class Vehicles

had a manufacturer's suggested retail price of over $20,000.00, and there is no basis for the Court

to infer that a reasonable consumer – let alone an entire class of consumers – would have demanded

a lower purchase or lease price if they were informed that they might have to perform initial brake

part replacement and maintenance (at a cost presumably in the neighborhood of the $433.58

alleged by plaintiff for her own vehicle) earlier than they otherwise expected.[5]  *See e.g.*, *Oscar*,

---

[5] Plaintiff suggests that even though she has not produced proof of a common "diminution in value/overpayment" injury, the Court should nonetheless grant certification, because even in the absence of such proof, class members may be entitled to $50 each in statutory damages based solely on defendant's alleged misleading omission, without the need for any individualized proof.   Assuming *arguendo* that such damages were ultimately awarded to the putative class, the class would need to number at least 100,000 persons in order to meet the five million dollar monetary threshold required for this Court to retain jurisdiction under CAFA.   Because the parties' submissions do not suggest numbers substantially higher than the "over 30,236" identified in defendant's notice of removal (Dkt. #19), it does not appear that the specter of statutory damages looms large enough for this Court to retain jurisdiction over the putative class, even if some or all of the class members could be entitled to statutory damages under N.Y. Gen. Bus. Law §349.

2011 U.S. Dist. LEXIS 62601 at *40 (denying certification of a class for Section 349 claims, where plaintiff produced no evidence that "could demonstrate on a class-wide bases that consumers would have paid less for their [vehicles] if they had known that the tires were [defective]"). *See generally In re Arris Cable Modem Consumer Litig.*, 2018 U.S. Dist. LEXIS 136617 at *19 (N.D. Cal. 2018) (for consumer fraud claims based on allegedly deceptive practices, "the economic harm is the same [for all class members]: the consumer has purchased a product that he or she *paid more for* than he or she otherwise might have been willing to pay if the product had been [represented] accurately," therefore consumers who paid a premium price for modems falsely advertised to have fast download speeds suffered a common injury) (quoting *Pulaski v. Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015)) (emphasis in original). *See also Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d 424, 436 (S.D.N.Y. 2015) (reduction in value of a product due to the seller's misrepresentation is an "immediate, concrete, and particularized financial harm").

Indeed, "given the hoary tradition in which individual customers haggle with dealers over prices of new cars," it is doubtful that "the omission of the disclosures that [plaintiff] posits were required" could ever "reliably be shown to have truly raised all class members' purchase prices, let alone by a common amount." *Oscar v. BMW of N. Am., LLC*, 2011 U.S. Dist. LEXIS 146395 at *20 (S.D.N.Y. 2011) (denying leave to amend proposed class action to revise class description and pursue only state law claims for, inter alia, violation of Section 349). *See also Ackerman v. Coca-Cola Co.*, 2013 U.S. Dist. LEXIS 184232 at *78 (E.D.N.Y. 2013) (denying class certification for a claim under Section 349 where proof that consumers paid a premium for vitaminwater over other beverages "would not be susceptible to generalized proof," since it would depend on what individual consumers *would* have opted to do in the absence of the manufacturer's alleged misrepresentations); *Oscar v. BMW of North Am., LLC*, 2012 U.S. Dist. LEXIS 84922 at

*12-*13 (S.D.N.Y. 2012) (denying a subsequent motion by the *Oscar* plaintiff to certify a subclass of automobile purchasers for purposes of a Section 349 claim, because "it is impossible to conclude, on a global basis, whether the disclosure of the downsides of [allegedly defective tires] would have affected purchasers' decisions to buy the [vehicle,] or the price at which they would have made the purchase," given the "inherently individualized" nature of the purchase decision, and the conjectural nature of inquiring into it *post hoc*).  Again, plaintiff has not attempted to make any such showing here.

In short, plaintiff has produced no evidence of an injury common to the class, under the diminution in value/overpayment damages theory she now espouses.   Based on the present record, I find that plaintiff has not demonstrated by a preponderance of the evidence that common issues would predominate over individual ones, such that certification of the proposed class would be appropriate.   Plaintiff's motion for class certification is denied, and the action must proceed solely on plaintiff's behalf.


II.     **CAFA Jurisdiction**

Given that this action has not achieved class action status within the meaning of CAFA, and because there is presently no demonstrated alternative basis for this Court to continue to exercise jurisdiction over this matter, remand to the venue from which it was initially removed – the Supreme Court of the State of New York, County of Monroe (Dkt. #1, #16) – is appropriate. *See, e.g.*, *Chiropractic Neurodiagnostic, P.C. v. Allstate Ins. Co.*, 2009 U.S. Dist. LEXIS 5822 at *10-*12 (E.D.N.Y. 2009) (collecting cases and noting that although some courts have held differently, CAFA does not provide a basis for retaining subject matter jurisdiction after a court has denied class certification).

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to certify this action as a class action pursuant to Fed. R. Civ. Proc. 23 (Dkt. #68) is denied.  Because the lack of certification deprives this Court of jurisdiction over this matter pursuant to CAFA, the matter is remanded to New York Supreme Court, Monroe County.  Defendants' pending motions to exclude expert testimony (Dkt. #79, #80) are denied as moot, without prejudice, and plaintiff's motion for intervention of an additional class representative (Dkt. #115) is likewise denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      March 5, 2019.